No. 4070.—STATE OF LOUISIANA ex rel. ANTOINE DUBUCLET, State Treasurer, *v.* THE JUDGE OF THE EIGHTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

After an appeal has been granted, the court *a qua* is without jurisdiction to pass upon the question whether the appeal is a nullity or not, and any order made by the lower court in the case until the Supreme Court has passed upon the appeal is void, and a writ of prohibition will issue in such a case from the Supreme Court restraining the judge *a quo* from proceeding in the case until the appeal is passed upon.

APPLICATION for a Writ of Prohibition. *Semmes & Mott* and *Hays & New*, for relator. *Emerson*, Judge of the Third District Court, presiding in the Eighth District Court, respondent.

LUDELING, C. J. In the case of the State of Louisiana ex rel. Jacob Strauss *v.* Antoine Dubuclet, State Treasurer, an appeal was taken on the seventeenth of May, 1872, by the State of Louisiana, through the Attorney General, which was made returnable to the Supreme Court on the third Monday of May, 1872. On the eighteenth of May an appeal was taken by the State, through the agency of special counsel appointed by the Governor for that purpose, which was returnable on the first Monday of November, 1872. The Attorney General failed to file the transcript of appeal on the third Monday of May, but on the thirtieth of May, 1872, the special counsel appointed by the Governor as aforesaid filed the transcript of appeal, and on the thirty-first of May, 1872, hearing that the counsel for relator Strauss had obtained from the Clerk of the Supreme Court a certificate of non-filing of the transcript of appeal by the Attorney General within the time fixed for the return of his appeal, the special counsel for the State aforesaid applied to the Supreme Court for, and the said court granted, an order directing the Clerk of the Supreme Court to issue a certificate to the Clerk of the Eighth District Court for the parish of Orleans, certifying that the suspensive appeal taken on the eighteenth of May, 1872, returnable on the first Monday of November, 1872, was still pending and undetermined in the Supreme Court, and said certificate was issued and filed in said Eighth District Court, and thereupon H. C. Dibble, judge of said court, rescinded an order which had been made rendering the decree in favor of Strauss executory. Subsequently H. C. Dibble rescinded the order aforesaid, made by him, on the ground that he was recused in the case. Thereupon counsel for relator caused to be issued a copy of the original decree, and demanded execution thereof, but said Dubuclet refused to recognize said decree as executory, on the ground of the pendency of the suspensive appeal aforesaid, taken by the special counsel of the State, and returnable on the first Monday of November, 1872, and thereupon the counsel for the relator has moved to punish said Dubuclet for contempt, as appears by the rule taken against him. On application of Dubuclet, State Treasurer,

a writ of prohibition was issued, returnable on the first Monday of November, 1872.

The answer of the Judge of the Eighth District Court aforesaid is that he was recused, and the Judge of the Third District Court rendered the order complained of.

The answer of the Judge of the Third District Court, sitting in the place of the Judge of the Eighth District Court, is that, in his opinion, the order for the appeal granted on the seventeenth of May was an absolute nullity, as that court was divested of jurisdiction by granting the first appeal, and that he had no notice of the order of this court directing the clerk thereof to issue the certificate above mentioned.

We do not consider the reasons given for assuming jurisdiction satisfactory. An appeal had been taken and was pending in this court, and no other court could pass upon the validity of that appeal.

It is therefore ordered and adjudged that the prohibition be made perpetual.