## No. 9100.

EMILE DROZ vs. THE PARISH OF EAST BATON ROUGE AND TREASURER.

36 307
52 435

36 307
109 436

Creditors of a municipal corporation have no right to invoke the remedy of injunction to restrain municipal authorities in the exercise of their administrative functions, except as an adjunct to a remedy for the enforcement of their debts.

In this case there is entire failure to establish plaintiff's right to the mandamus prayed for, to pay his debt, and, therefore, the remedy by injunction must fall with it.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburn*, J.

*K. A. Cross* for Plaintiff and Appellant.

*G. W. Buckner* for the Appellee.

The opinion of the Court was delivered by

FENNER, J. This is an action by a judgment creditor of the parish of East Baton Rouge, directed against the police jury and the treasurer of the parish; the relief sought, in which, as appears from the prayer of the petition, is to obtain an injunction "restraining the police jury from appropriating and the treasurer from paying any amount to the prejudice of petitioner's said judgment," and a mandamus commanding the treasurer "to pay petitioner the amount of said judgment out of funds in his hands to credit of a so-called *contingent fund*."

The record is barren of any evidence showing that there is any special legal duty resting on the parish to appropriate this particular fund to the payment of this particular debt in preference to others, or that the contingent fund will not be required to supplement deficiencies which may arise in the revenues anticipated to meet other lawful appropriations in the budget; and the evidence shows that, at the date of this proceeding, there was but $40 in the treasury to the credit of this fund.

Obviously, no case is established for a mandamus.

As to the injunction, complaint is made of certain appropriations already made by the police jury, for purposes claimed to be improper and beyond the province of the jury.

For aught that appears, these appropriations may already have been paid and the broad injunction asked for is, manifestly, improper.

The appropriations are for public purposes and we are not prepared to say they are beyond the general powers of the corporation.

But, at all events, the general rule is that judicial tribunals will not interfere with municipal corporations in their administrative government, unless some clear right has been withheld or wrong perpetrated. Dillon on Munic. Corp. secs. 58, 59.

Plaintiff, in his capacity of creditor simply, can invoke the remedy of injunction in such a case, only as accessory to his remedy for the enforcement of his debt; and as he has not sustained his right to a *mandamus* for that purpose, his injunction must fall.

The general right to invoke the remedy of injunction to prevent municipal authorities from passing beyond the line of their municipal powers, is not extended to creditors except, as before stated, in aid of remedies to enforce their debts.

Such acts are assimilated in New York and Massachusetts to *public nuisances*, affecting the whole public and only to be restrained at the suit of public officers authorized for that purpose, or by some private person who shows that he suffers therefrom or is threatened with some injury peculiar to himself. Dillon, sec. 735, and authorities quoted.

In other States, the right of *citizens and taxpayers* generally to invoke such relief is recognized. *Id.* sec. 731 *et seq.*

But it is not held anywhere that a mere creditor may do so, otherwise than as above stated.

It is not made to appear that an injunction against payment of these alleged illegal appropriations would advance the payment of plaintiff's debt.

Judgment affirmed at appellant's cost.