O’NIELL, C. J.
 

 The relator has appealed from a judgment dismissing his suit on an exception of no cause of action. The proceeding is by mandamus to compel the defendant to issue duplicates of five negotiable mortgage bonds for $1,000 each, which relat- or alleges he lost from his pocket on a public highway.
 

 It is alleged that the bonds were a part of a series of negotiable bonds issued by the Edison Electric Company on the 2d of January, 1899, and secured by mortgage on the company’s property in favor of the American Trust Company, of Boston, Mass. It is alleged that the Edison Electric Company sold all of its assets to the New Orleans Carrollton Railway, Light & Power Company, by deed dated the 5th of October, 1912; that the purchasing corporation assumed the obligation to pay the bonds, and the selling corporation liquidated its affairs and went out of existence; that subsequently the New Orleans Carrollton Railway, Light & Power Company sold all of its assets to the New Orleans Railway & Light Company; that the latter assumed the obligation to pay the mortgage bonds of the Edison Electric Company, and the New Orleans Carrollton Railway, Light & Power Company liquidated .its affairs and ended its corporate existence; that thereafter the New Orleans Railway & Light Company went into the hands of a receiver in the United States District Court for the Eastern District of Louisiana, and, by a general deed approved by the court on the 15th of October, 1923, the receiver sold all of the assets of the corporation to the New Orleans Public Service, Inc., which assumed all of the obligations of the defunct corporation and specifically the mortgage bonds issued by the Edison Electric Company.
 

 Relator prayed that the defendant, New Orleans Public Service, Inc., should be compelled to issue duplicates of the lost bonds, or at least be compelled to issue a certificate or documentary evidence of relator’s ownership of the five lost bonds, on relator’s furnishing an indemnity bond for such sum as the court might require.
 

 In some jurisdictions1 the owner of a lost negotiable instrument may proceed by mandamus in a court of equity to compel the maker of the instrument to issue a duplicate, or at least a nonnegotiable certificate of the complainant’s ownership of the lost instrument. 38 C. J. 255; N. O. Jackson & Great Northern Railroad v. Mississippi College, 47 Miss. 560; C. & O. Canal Co. v. Blair, 45 Md. 102. In Louisiana, however, mandamus cannot be invoked to enforce an obligation arising ex contractu, but only to compel performance of a duty imposed by law. State ex rel. City of New Orleans v. New Orleans & Carrollton Railroad Co., 37 La. Ann. 589; State ex rel. Texarkana, Shreveport & Natchez Railway Co. v. Smith, 104 La. 380, 29 So. 40; State ex rel. Smit v. Lafayette Building Association, 147 La. 526, 85 So. 228. There is a statute (the seventeenth section of Act 180 of 1910, p. 268) providing that the courts may compel a corporation to issue a duplicate of a lost stock certificate, but there is no statute that we know of imposing upon
 
 *81
 
 the maker of any other lost negotiable instrument — or upon a third person who has assumed the obligation of the maker — to issue a duplicate.
 

 The remedy of one who has lost a negotiable instrument is given in article 2279 of the Civil Code, viz.:
 

 “When an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident or force, evidence may be given of its contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable; and in this case, the judge may, if required, order reasonable security to be given to indemnify the party against the appearance of the instrument, in case circumstances render it necessary.”
 

 The article quoted applies particularly to a suit to recover on a lost instrument after its maturity, but it seems appropriate also to a suit to establish a lost instrument, and to prove the plaintiff’s ownership of it, before its maturity. The owner of a negotiable bond or other instrument lost long before its maturity should not be required to aw'ait the maturity of the instrument, and thus make it more difficult to prove his ownership and the loss of the instrument, before he can obtain a judicial decree establishing the instrument, and recognizing his right to be paid the installments of interest as they mature, and the principal when due, on giving such indemnity bond as the court may require. The relator in this suit may be entitled to some such relief in a proper proceeding. The judgment appealed from, dismissing this suit on the exception of no cause of action for mandamus, will not affect the relat- or’s right to sue to establish the alleged lost instruments.
 

 The judgment is affirmed.
 

 ROGERS, BRUNOT, and THOMPSON, JJ., dissent, being of the opinion that the case should be remanded for trial on the merits.