O’NIELL, O. J.
 

 This is a mandamus proceeding, brought by six property owners, to compel the commissioner of public finance for the city of New Orleans to change on the records of his office, in the department of paving and other liens, the pavement bills originally rendered against the owners of the property fronting on the north side of Alvar street, between North Olaiborne avenue and North Derbigny street, so as to show the amount which the owner of each lot owes.There was judgment for the relators, ordering the commissioner of public finance to make the change, and he has appealed from the decision.
 

 When the paving was done and the liens were recorded, all of the lots fronting on the north 'side of Alvar street between North Olaiborne avenue and North Derbigny street were owned by A. D. Danziger, and consisted of ten lots, one having 68 feet front, one having 40 feet front, one having 16 feet 2 inches
 
 6
 
 lines front, and seven having 31 feet front each, according to the plan by which the pavement bills were rendered and recorded. Afterwards the property was subdivided and sold off according to another plan, dividing the whole frontage into eight lots, one having 68 feet front, six having 40 feet front each, and one having 33 feet 2 inches 6 lines front. Two of the six relators in this suit own two lots each and the four others own one lot each. All of the lots have the same depth which they had when the pavement was done and the bills were rendered and the liens recorded. The relators do not seek to change the record of the liens in the mortgage office, but - seek merely to readjust the bills on the records of the department of paving and other liens, under the administration of the. commissioner of public finance, so as to show the amount of the. paving bill recorded against each lot, according to the new plan and present ownership.
 

 It would be a matter of great convenience and accommodation to the relators, perhaps, if the commissioner of public finance would make the readjustment which they request, on the records of his department; and, inasmuch as the relators together own all of the area affected by the pavement lien, it might not affect the lien securing the outstanding pavement certificates if the commissioner would make the change on his records. But it is not in any sense his ministerial or official duty to make the change, and therefore we do not see how he can be compelled to make it. Mandamus will lie only to compel the performance of a duty imposed by law. State ex rel. Lowentritt v. New Orleans Public Service, Inc., 163 La. 78, 111 So. 503, The commissioner shows that it would establish a precedent which might have far-reaching and troublesome consequences if he should make the readjustment asked for in this case. He points out that section 46 of' the City Charter, as amended by the Act 105. of Ex. Sess. 1921, while providing for a division of the paving charges into ten annual installments, gives each and every property owner the privilege of paying the balance of the indebtedness against his lot, according to .the original assessment, at any time dur-ing the period of the indebtedness, and requires him to pay interest only to the end of the year in which he pays the debt, if he pays it before the 15th of October of that year, and only to the end of the next year if he pays after the 15th of October. The purpose — or at least one of the purposes — of allowing that privilege is to avoid the inconvenience to the property owners which the relators are seeking to avoid by this mandamus proceeding. The commissioner of public finance is well within his rights in declining to be compelled by mandamus to do something which the. law does not require him to do.
 

 
 *1009
 
 The judgment is annulled,, and the demand of the relators is rejected, and their suit is dismissed at. their cost.