LAND, J.
 

 This is a mandamus proceeding in which relator, the owner of a policy on his life, with the right to change the beneficiary, seeks to compel respondent insurance company to make such change, without delivery of the policy for indorsement thereon of the name of the new beneficiary by the company.
 

 Respondent excepted in the lower court to relator’s petition, on the ground that it failed to disclose a right or cause of action. Prom a judgment maintaining this exception and dismissing the suit, relator has appealed.
 

 The facts of the case, as disclosed by the allegations in the petition, are substantially these:
 

 During his marriage to Mrs. Julia Lazard Pollock, relator obtained a policy on his life with the name of his wife inserted therein as the beneficiary. Under the terms of the policy, the right to change the beneficiary was reserved to relator in the following language:
 

 “If the right to change the beneficiary has been reserved, and there is no written assignment of this contract on file with the Society, the Annuitant may from time to time 'change the beneficiary or beneficiaries by a written request (upon the Society’s blank) filed at its Home Office; but such change shall take effect only upon the indorsement of the same hereon by the Society. If there be no beneficiary surviving at the death of the Annuitant, any payment thereafter due hereunder shall be made to the Annuitant’s executors, administrators or assigns.”
 

 Subsequent to the issuance of the policy, Mrs. Julia Lazard Pollock, the beneficiary, brought suit against relator for a divorce, which was granted. The judgment rendered in the divorce proceedings dissolved the marriage and settled all the property rights of the respective spouses, including the community of acquets and gains.
 

 In the judgment, defendant was decreed to be the sole owner of the community property, except such effects as were enumerated therein and awarded to Mrs. Julia Lazard Pollock in full settlement of her rights.
 

 At the time of the dissolution of the community and its settlement by this judgment, there was in the hands of Mrs. Julia Lazard Pollock, the beneficiary, the insurance policy on the life of relator.
 

 Relator demanded the possession of the policy as being one of the assets of the community of acquets and gains awarded to him by the judgment. The demand for the possession of the policy was refused by Mrs. Julia Lazard Pollock on the ground that, being the beneficiary, she was the owner of the policy.
 

 
 *345
 
 Thereupon relator proceeded in the civil district court against Mrs. Pollock by rule to compel her to deliver to him the policy. The rule was made absolute. . The judgment on the rule was appealed to this court, and was affirmed. The judgment fixes the title to the policy in relator and is final.
 

 The only effort made by relator to enforce this judgment, prior to the present proceeding by mandamus, consisted of repeated and vain demands upon Mrs. Julia Lazard Pollock to surrender the policy to him.
 

 The policy is in the possession of Mrs. Julia Lazard Pollock, who has no interest in same; but no judicial proceeding of any kind has been instituted by relator to enforce the judgment in his favor and to compel her to deliver the policy to him.
 

 At this juncture, we need not speculate as to the result of a proper proceeding against Mrs. Pollock by relator to enforce the judgment in his favor, nor as to the final issue of any direct action which relator might bring against defendant company, with Mrs. Pollock impleaded, to have adjusted the rights of all parties concerned, and to compel the specific performance by defendant company of its contractual obligation to relator to change the beneficiary.
 

 Suffice it to say that, in our opinion, relator has not exhausted his legal remedies before resorting to the writ of mandamus for relief in the present case.
 

 Besides, it is the settled jurisprudence of this court that in Louisiana mandamus cannot be invoked to enforce an obligation arising ex contractu, but only to compel the performance of a duty imposed by law. State ex rel. Lowentritt v. New Orleans Public Service, 163 La. 78, 111 So. 503; Schmidt et al. v. City of New Orleans, 164 La. 1006, 115 So. 63; State v. Lafayette Building Association, 147 La. 526, 85 So. 228.
 

 No statute exists in this state prescribing and enjoining upon life insurance companies the legal duty of changing the beneficiary in a policy, upon the mere demand of the annuitant, and without delivery of the policy for proper indorsement thereon by the company of the new beneficiary.
 

 Relator’s sole right in the premises arises from the stipulation as to the change of beneficiary contained in the policy, or contract of insurance.
 

 We have repeatedly held that a contract cannot be enforced by mandamus.
 

 Judgment affirmed.