## CAVILL v. THE WELFARE LOAN SOCIETY OF NEW ORLEANS

(May 27, 1929. Opinion and Decree.)

Dart and Dart, and Leo. L. Dubourg, of New Orleans, attorneys for plaintiff, appellant.

Sol Weiss, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff alleges that he purchased stock in the defendant corporation of the par value of $185; that bogus certificates were issued to him which the company subsequently refused to recognize. He sues for the return of the $185, paid the defendant corporation.

An exception of no cause of action was filed by defendant and maintained by the court, a qua. Plaintiff has appealed.

The argument in support of the exception of no cause of action is that plaintiff's remedy is by mandamus and that there is no allegation in the petition to the effect that tender of the alleged worthless stock was made to the defendant corporation.

The relation between plaintiff and defendant is contractual. Plaintiff bought and defendant sold, a certain number of shares of its capital stock. The delivery of bogus stock was not a compliance with defendant's obligation.

Mandamus was not the proper remedy. State vs. Railroad Company, 37 La. Ann. 591; State vs. Public Service, Inc., 163 La. 80, 111 So. 503.

The allegation of the petition is that the stock as delivered to plaintiff was bogus and worthless and for the purpose of our present consideration we must take this allegation to be true. We do not agree with counsel in his contention that an allegation that a thing is worthless is a conclusion of law. A purchaser of stock need not tender worthless certificates as a condition precedent to an action to rescind or for the return of the purchase price. Fletcher on Corporations, vol. 6, section 3880, p. 6555; King vs. Livingston Manufacturing Company, 192 Ala. 269, 68 So. 897.

If, upon the trial of the case, it develops that the alleged worthless certificate of stock has been transferred, to the prejudice of defendant, and in compliance with section 8 of Act 180 of 1910 (Uniform Stock Transfer Act), so as to entitle the transferee to bona fide shares to the number called for by the certificate, full effect may be given to the situation and plaintiff's interests protected by the trial court.

We are of the opinion that the petition sets forth a cause of action, consequently, for the reasons assigned, the judgment appealed from is reversed, the exception of no cause of action overruled, and this case remanded to the First City Court of the City of New Orleans for further proceedings according to law and consistent with the views herein expressed.