156 So. 806

**STATE ex rel. CITY OF NEW ORLEANS v. LOUISIANA HIGHWAY COMMISSION (three cases).**

**Nos. 32925, 32928, 32929.**

July 2, 1934.

Rehearing Denied Oct. 2, 1934.

See, also, 179 La. 862, 155 So. 250.

Gaston L. Porterie, Atty. Gen., and George M. Wallace, Asst. Atty. Gen., for the State.

J. Elton Huckabay and E. R. Stoker, both of Baton Rouge, for Louisiana Highway Commission.

E. M. Robbert, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for City of New Orleans.

ODOM, Justice.

Article 6, § 22, of the Constitution of 1921, as amended by Act No. 3, Ex. Sess. 1930, provides that the Louisiana Highway Commission " * * * shall pay over to the City of New Orleans annually the sum of Seven Hun-

dred Thousand ($700,000.00) Dollars, payable in four quarterly payments on March 31st, June 30th, September 30th and December 31st, to be used by the said city for the maintenance and construction of streets that are either part of or are incidental to the streets which are used as State highways."

The Highway Commission failed to turn over to the city the $175,000 due on March 31, 1934, under the above-quoted constitutional provision, and the city, on April 4, brought mandamus proceedings against it to compel the payment.

The city alleged that the Highway Commission had, on September 30, 1933, adopted a resolution by the terms of which it recognized "its primary obligation to pay to the City of New Orleans out of the annual revenues of the Commission collected under the above constitutional provision, the sum of $700,000 annually, payable in quarterly installments," which resolution further provided that (to quote further from the resolution):

"On or before the 15th day of February of each succeeding year, the Commission shall, out of the revenues collected for said year under the above constitutional provision, deposit in escrow with a bank or banks, as selected by the Commission Council for the City of New Orleans, the sum of $700,000, said amount to be paid by said banks to the City of New Orleans in four equal installments on March 31, June 30, September 30 and December 31 of each year in payment of the quarterly installments due on said dates. Said deposit shall be secured by collateral satisfactory to the Louisiana Highway Commission and the Commission Council of the City of New Orleans."

The city alleged that the commission had not only failed to turn over to it the $175,000 due on March 31, 1934, but had failed to comply with its resolution to deposit the $700,000 in escrow in banks to be selected by the city. It prayed that the Highway Commission be ordered to show cause why an alternative writ of mandamus should not issue commanding it to pay to the city $175,000 due on March 31, 1934, and further directing the commission to deposit in the Whitney National Bank $525,000, the remainder of the $700,000 for the year 1934, in accordance with its resolution dated September 30, 1933, or in the alternative to pay to the city of New Orleans, on the dates when the same became due, the quarterly installments of $175,000 each due June 30, September 30, and December 31, 1934.

The city prayed further that the Highway Commission be ordered to show cause why a preliminary injunction should not issue restraining the commission from making any further payments out of its revenues unless and until it has complied with its mandatory duty to carry out said constitutional provision and said resolution.

An alternative writ of mandamus issued and the commission was ordered to show cause as prayed for. The Highway Commission answered setting up as a defense "want of funds and inadequacy of current available revenues."

There was judgment in favor of the city making the alternative writ of mandamus peremptory and "commanding the Louisiana Highway Commission to instanter pay into the registry of this court, pending the final determination of this suit, and in lieu of a

preliminary injunction, the sum of $175,000 being the quarterly payment due on March 31, 1934, out of the annual revenues for the year 1934."

It was further ordered that the commission, "in lieu of the preliminary injunction prayed for, be directed to immediately deposit in escrow in the bank designated by the Commission Council of the City of New Orleans, to wit, the Whitney National Bank of New Orleans, the sum of, $525,000, said amount to be paid by said bank to the City of New Orleans in three installments of $175,000 each on June 30, September 30 and December 31, 1934, respectively in payment of the quarterly installments due on said dates in accordance with the resolution adopted by the Louisiana Highway Commission on September 30, 1933, a copy of which being on file in these proceedings."

The Highway Commission applied for a suspensive appeal from the entire judgment. The trial judge refused to grant a suspensive appeal from that part of the judgment ordering the Highway Commission to deposit $175,-000 in the registry of the court, but did grant a suspensive appeal from that part of the judgment ordering the Highway Commission to deposit in escrow $525,000 to be paid to the city 'by the escrow bank as the remaining quarterly payment dates arrived.

The Highway Commission then applied to this court for writs to compel the trial judge to grant a suspensive appeal from that part of the judgment ordering it to pay at once into the registry of the court the $175,000. The writs were denied by this court on May 21, 1934. The commission then appealed devolutively from that judgment. That appeal was perfected, but that branch of the case is not presently before us. It will be heard on its merits in due course.

However, the part of the judgment ordering the Highway Commission to deposit $525,-000 in escrow is presently before us, having been brought up on suspensive appeal, being our No. 32925.

On May 31, 1934, the city of New Orleans presented a petition to the lower court alleging that the judgment rendered on April 30 and signed on May 11, 1934, ordering the Highway Commission to deposit $175,000 into the registry of the court pending final determination of the cause, in lieu of a preliminary injunction, had not been complied with, and it feared that, if not restrained, the Highway Commission would, in violation of the court's order, use all or part of the revenues collected for 1934 for purposes other than making said payment to it. It further alleged that for the protection of its rights, a writ of injunction should issue restraining the Highway Commission, its officers, members, and agents, from using any part of the revenues collected in 1934 for any purpose until it has complied with the order of the court commanding the deposit of $175,000 into the registry of the court. It prayed accordingly that the commission be ordered to show cause why a preliminary injunction should not issue, etc.

The court ordered the commission to show cause on May 25, 1934. In answer to the rule, respondent admitted that it had not deposited the $175,000 as directed and assigned as its reason that it did not have on hand an amount sufficient to make the payment.

The rule was heard and there was judgment in favor of the city making it absolute and the injunction was issued as prayed for.

The Highway Commission applied to this court for writs, which were granted, ordering the trial judge to send up the record to the end that the validity of the proceedings might be ascertained, and further ordering that said judge and the city of New Orleans show cause why the relief prayed for by relator should not be granted.

The judge and the city made returns and this case is now before us bearing our No. 32929.

On May 25, 1934, the day on which the city ruled the Highway Commission to show cause why a preliminary injunction should not issue prohibiting it from using any of its 1934 revenues for any purpose until and unless it deposited $175,000 in the registry of the court, the Attorney General, representing the state, presented an application to be permitted to intervene and join the Highway Commission in opposing the demands of the city. Alleging that the state was interested in the outcome of the proceedings, and as causes why the city should not prevail in its proceedings, he alleged in substance that the Highway Commission was without funds, and that whereas it is the duty of the commission to pay to the city of New Orleans annually the sum of $700,000, under Article 6, § 22, of the Constitution of 1921, as amended by Act No. 3, Ex. Sess. 1930, it is also its duty under the same act to set aside each year the sum of $7,000,000 for the building of gravel or shell roads; that the mandates to spend $7,000,000 for graveled roads and to turn over to the city $700,000 each year are of equal rank; that the Highway Commission has heretofore failed to spend as much as $7,000,000 each year for the building of graveled roads, but has, up to the end of 1933, turned over to the city each year $700,000 and, under the judgment rendered, will be compelled to do so for 1934; but that the Highway Commission should have, during previous years, allocated its revenues to the building of graveled roads and to the city ratably and in the proportion which $7,000,000 bears to $700,000, or 10 to 1; that should the commission be ordered to make any payment at all to the city for 1934, it should be ordered to pay to it only one-tenth as much as it expends for graveled roads; that the commission will not have sufficient revenues in 1934 to make up the $7,000,000 for roads and the $700,000 for the city, and that such funds as are available should be distributed ratably in the proportion of $10 to the roads for each $1 paid to the city; that the payments heretofore made to the city were out of proportion to what should have been paid; and that the commission has violated, and will violate, if it continues to make payments as it has in the past, a plain mandatory duty.

It is further alleged on information and belief that the commission has already let contracts for the building of roads and bridges in conjunction with the United States government, upon which, if it defaults, its credit will be impaired and the government will withdraw its support and aid for the building of roads and bridges in the future. And further that the revenues for 1934, collected and anticipated, will not be sufficient to pay to the city $700,000 and carry out its obligations already contracted.

The court refused to consider the intervention. Whereupon the Attorney General applied to this court for writs, which were granted, and the district judge and the city of New Orleans were ordered to show cause why his ruling should not be set aside. Each has filed returns and this case is now before us, bearing our No. 32928.

There are therefore three cases before us, consolidated for all purposes, bearing our Nos. 32925, 32928, and 32929, each involving issues growing out of the same controversy.

■■■ 1. Case No. 32925 involves the validity of the judgment ordering the Highway Commission to deposit in escrow the sum of $525,000, this being the total of the quarterly payments due June 30, September 30, and December 31, 1934; the amount to be paid to the city by the escrow bank on the dates due.

The Constitution provides that the Highway Commission shall pay over to the city of New Orleans, annually, the sum of $700,000 "payable in four quarterly payments on March 31, June 30, September 30 and December 31st." Therefore when this proceeding was brought, only one of the quarterly payments for 1934 was due, and the commission could not be compelled to pay or to provide for the payment of the other installments until due, except upon the theory that the commission was bound under its ordinance or resolution adopted September 30, 1933, to deposit in escrow the entire sum of $700,000 by February 15.

Whether that ordinance or resolution is valid and binding upon the commission need not be discussed. It suffices to say that the commission now repudiates it on the ground

that it was ultra vires and to say further that its provisions cannot be enforced by mandamus. At the time the resolution was adopted, the commission was in arrears on eight of its quarterly payments to the city, and as a result of a series of conferences between the chairman of the Highway Commission and officials of the city, an agreement of settlement was finally reached under which the city agreed to accept warrants issued by the commission evidencing the several amounts already due, and the commission in addition to its agreement to issue and deliver these warrants, further agreed to deposit in escrow on or before February 15 of each succeeding year, the whole sum due for the year, said amount to be paid quarterly by the escrow bank. So that this resolution merely evidenced a contract of settlement entered into between the commission and the city.

This is a mandamus proceeding which is a remedy to compel the performance of ministerial duties imposed by law, and it is settled that mandamus proceedings cannot be invoked to enforce a contract. Badger v. City of New Orleans, 49 La. Ann. 804, 21 So. 870, 37 L. R. A. 540; State ex rel. Smit v. Lafayette Bld. Ass'n, 147 La. 526, 85 So. 228; State ex rel. Lowentritt v. New Orleans Public Service Commission, 163 La. 78, 111 So. 503; Schmidt et al. v. City of New Orleans, 164 La. 1006, 115 So. 63; State ex rel. Pollock v. Equitable Life Assur. of U. S., 167 La. 342, 119 So. 71.

That part of the judgment which ordered the commission to deposit $525,000 in escrow from which it appealed suspensively is therefore erroneous and must be reversed.

2. The question involved in case No. 32928 is whether the trial judge erred in refusing to consider the intervention of the state on the relation of the Attorney General.

We have already set out at length and in detail the grounds set up by the Attorney General for opposing the city's demands. They are untenable. Article 6, § 22, Constitution of 1921, as amended by Act No. 3, Ex. Sess. 1930, makes provisions for the raising of "ready funds" to be used by the Highway Commission for the construction of roads and bridges, and says that:

"Out of said annual revenues of the said Louisiana Highway Commission the said Commission *shall* pay over to the City of New Orleans annually the sum of Seven Hundred Thousand ($700,000.00) Dollars."

This is a mandatory provision and imposes upon the Highway Commission a primary obligation. It must pay to the city $700,000 each year even though, after doing so, and after taking care of other primary obligations, it has not left $7,000,000 for the construction of graveled, crushed rock, or shell roads. The Constitution makes that clear. As to the funds for the building of such roads, it provides:

"In the expenditure of the highway funds *available* for State highways and bridge, construction and maintenance not less than Seven Million ($7,000,000.00) Dollars of the total funds *available* for such purpose, shall be set aside for each of the years 1931, 1932, 1933 and 1934, and used exclusively for the construction of gravelled and/or crushed rock and/or shell surfaced highways and necessary bridges." (Italics ours.)

It is clear that the $7,000,000 for building graveled, crushed rock, or shell roads, and the necessary bridges connected with them, must be taken from funds "available for state highways, bridge construction and maintenance," so that if the funds are not "available," the commission cannot set aside $7,000,000 for the construction of such roads and bridges. Only such of its funds are "available" for such purposes as are left after the commission has taken care of its primary obligations, the payment of $700,000 to the city of New Orleans each year being one of them, can be allocated by the commission for such purpose. The duty of the commission to set aside each year $7,000,000 for the construction of graveled, crushed rock, or shell roads is a secondary obligation conditioned upon whether that amount is "available" for such purpose.

The Highway Commission has apparently always construed the provisions of the Constitution to mean that its obligation to pay the city $700,000 annually was a primary one. There is in the record before us the resolution adopted by the commission on September 20, 1933, with reference to the payment of this amount to the city. From it we quote the following:

"The Chairman explained that in a series of conferences with officials of the City of New Orleans leading up to and culminating in a settlement of the Commission's indebtedness to the City * * * he had assured the city officials that the Commission recognized its *primary obligation* to pay to the City of New Orleans out of annual revenues of the Commission Seven Hundred Thousand ($700,000) Dollars annually." (Italics ours.)

And quoting from the resolution itself:

"Whereas the Louisiana Highway Commission recognizes its primary obligation to pay to the City of New Orleans out of the annual revenues of the Commission collected under the above Constitutional provisions, the sum of $700,000 annually," etc.

■ As to the other allegations, if it be true that, as the Attorney General alleges on information and belief, the Highway Commission has let contracts which it cannot carry out if it is compelled to pay the city, the letting of such contracts was an error made by the commission which may bring on embarrassment as he says. Even so, the courts can grant it no relief in a proceeding of this kind.

■ One of the reasons set out by the Attorney General for desiring to intervene and join the Highway Commission in its opposition to the injunction was that the Highway Commission is without funds at this time to pay the installment of $175,000 due on March 31. This is the same reason set up by the commission before the trial court. The plea was overruled and the injunction was granted. The commission applied for writs, which were granted, and the validity of the court's ruling is now before us in case No. 32929. Our ruling in that case will dispose of the Attorney General's contentions as to this point.

The injunction applied for by the city and granted by the court was auxiliary and incidental to the writ of mandamus. Its purpose was to aid the city in collecting its debt. It was an adjunct to a remedy for the enforcement of its debt. A creditor's right to such remedy against a parish was recognized in Droz v. Parish of East Baton Rouge, 36 La.

Ann. 307. The injunction was not granted in that case because "there was an entire failure to establish plaintiff's right to the mandamus prayed for, to pay its debt, and, therefore, the remedy by injunction must fall with it." This right was recognized also in Badger v. Receiver, 49 La. Ann. 804, 21 So. 870, 37 L. R. A. 540. In this case, like the Droz Case, the injunction was not granted because the creditor failed to establish his right to the mandamus. The purpose of the injunction as an auxiliary to the mandamus is to preserve the status quo and to safeguard whatever rights the relator has.

When the rule to show cause why the injunction should not issue came on for hearing, counsel for the Highway Commission offered to prove by the chairman that the commission did not have at the time sufficient funds with which to pay the city the $175,000 due March 31. The court properly refused to hear the testimony.

Whether the commission had on hand at the time funds with which to pay the judgment bears no relevancy to the question whether the injunction should issue as an auxiliary to mandamus. The purpose of the injunction was not only to restrain the commission from paying out what funds, if any, it then had on hand, but also from paying out such as might later come into its hands. If it then had no funds, the injunction could have no injurious effect. If sufficient funds accumulate later to pay the judgment, it is the duty of the commission to pay it out of such funds.

The Attorney General and counsel for the Highway Commission cite the case of Ascen-

sion Red Cypress Co. v. New River Drainage District, 148 La. 603, 37 So. 310, and other cases holding that lack of funds is a complete defense to a mandamus proceeding to compel a corporation to pay a judgment unless the corporation has authority to collect revenues with which to pay the judgment. The cases cited have no application to the only issue presently involved, which is whether the injunction should issue. Whether the judgment ordering the commission to deposit instanter $175,000 into the registry of the court was proper is not an issue before us at this time. That is a matter which will be disposed of when the appeal in that case is reached.

The granting of the injunction was proper under the circumstances. But in view of the fact that the Highway Commission was prohibited from paying out any of its revenues until the said amount should be deposited, and in as much as some expense may be necessary in keeping the public highways, bridges, and ferries already built and in operation open to public travel, the judgment should be so amended and the injunction so modified as to permit the commission to use such of its funds as may be necessary to keep those highways, bridges, and ferries open and in operation. Otherwise traffic over the highways might be stopped with great loss and inconvenience to the public.

For the reasons assigned the judgment suspensively appealed from by the Highway Commission, ordering it to deposit in escrow the sum of $525,000 representing the installments due the city for the quarters ending June 30, September 30, and December 31, 1934, is reversed and set aside, and the demands of the city of New Orleans to have these amounts so deposited are rejected.

It is further ordered that the writs heretofore issued in the case bearing our No. 32928, ordering the judge of the Nineteenth judicial district court for the parish of East Baton Rouge and the city of New Orleans to show cause why the judgment refusing to consider the intervention of the state upon the relation of the Attorney General should not be set aside, are now recalled and relator's application is dismissed.

It is further ordered that judgment rendered in the case bearing our No. 32929 enjoining the Louisiana Highway Commission from paying out any of its funds until and unless it deposits in the registry of the court the sum of $175,000 in satisfaction of the amount due the city for the quarter ending March 31, 1934, be so amended as to permit the commission to use such of its funds as may be strictly necessary to keep the public highways, bridges, and ferries already built and now in operation, open to traffic and travel, and that the judgment as thus amended remain in full force and effect; and further ordered that the writs of injunction issued be modified to this extent, and that, as thus modified, they remain in full force and effect.

OVERTON, J., dissents.

BRUNOT, Justice (dissenting).

The state has a sufficient interest in the proper allocation of the highway funds to intervene in the suit and it was error to deny it that right.