## STATE ex rel. KENNINGTON v. RED RIVER PARISH SCHOOL BOARD.

### No. 5928.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 3, 1939.

H. L. Hughes, of Natchitoches, for appellant.

Cawthorn, Golsan & Tooke, of Shreveport, for appellee.

TALIAFERRO, Judge.

This suit is a sequence to that between the same parties in which this court rendered opinion on July 15, 1938, and denied a rehearing November 4, 1938. See 185 So. 490. The case bears No. 16,895, and, for brevity, will hereinafter be referred to by that number. The sole issue in that case was whether or not relator was a permanent teacher in Red River Parish, as defined by the Teacher Tenure law (Act No. 58 of 1936). The lower court held that she was a permanent teacher. Respondent appealed devolutively. This court decided that she was not a regular or permanent teacher, therefore, that question now is relegated to the realm of things finally adjudged.

Notwithstanding the pendency of the suit and the appeal to this court, relator was allowed to teach during the 1937–38 session at the same school, and presumably at the same salary, in which she taught during the 1936–37 session, but without a formal contract. She was regularly paid for her services for both sessions.

Subsequent to rendition of judgment by this court in said suit No. 16,895, but prior to denial of rehearing therein, the present mandamus action was instituted by relator against the School Board of Red River Parish, in which she seeks:

1. To compel respondent to enter into a contract with her as a permanent teacher (in the event she should be decreed such a teacher by this court in said suit No. 16,-895) at the salary provided for teachers of her class and grade by said board for the session 1938–39; or, alternatively,

2. To enter into like contract with her as a probationary teacher should said suit No. 16,895 be finally adjudged adversely to her.

Respondent excepted to the court's jurisdiction ratione personæ and ratione materiae; filed exceptions of lis pendens, of no cause and no right of action. The two first named exceptions were overruled; the third was referred to the merits.

Answer was then filed. It, as is true of the petition, is quite lengthy. A complete epitome of each, we think wholly unnecessary to this opinion.

Relator now simply contends that she is a probationary teacher and should be recognized as such, while respondent contends that on July 22, 1938, she was legally discharged by it as a teacher, and has not since been reemployed. Therefore, it avers that no obligation rests upon it to give relator employment as a teacher. She denies that she has been legally discharged by said board, and specifically charges that its attempt to do so was illegal and totally abortive of such a result.

Relator prevailed below. Respondent prosecutes this appeal.

In this court, respondent filed an exception of no cause and no right of action against the petition, based upon grounds entirely different, but not contrary to those alleged upon in like exception tendered below, to-wit:

1. That this suit should have been instituted by relator's husband, since he is head and master of the community of acquets and gains between them;

2. That relator does not allege that her employment with respondent was evidenced by written contract between them, as is required by Act No. 100 of 1922.

Relator has moved to dismiss the appeal on the ground that respondent has acquiesced in the judgment appealed from, which was signed November 28, 1938, by voluntarily executing it by paying to her $404 on December 7, 1938, on salary account as "probationary teacher".

The exception to the lower court's jurisdiction and that of lis pendens have evidently been abandoned. Neither is seriously urged here. Each is based upon the fact that when the present suit was filed, suit No. 16,895 had not been finally determined in this court. The lower court's ruling on said exceptions was eminently correct, regardless of the lack of finality of judgment rendered in suit No. 16,895, because the present suit has for its aim and purpose an alternative demand entirely different from that involved in suit No. 16,895, in this, that the sole issue in that suit was whether relator was a permanent teacher, while in the present suit she seeks in the alternative, to be recognized as a probationary teacher; and since judgment in said suit No. 16,895 is now

final, the issue tendered therein has passed entirely from this case.

The exception of no cause and no right of action filed below has these allegations for its basis, to-wit:

1. That the power delegated to school boards by Sec. 48 of Act No. 100 of 1922, as amended by Act No. 58 of 1936, conferred upon such boards discretionary power as regards the discharge of probationary teachers, and action thereunder is not subject to judicial review.

2. That Act No. 58 of 1936 does not require the superintendent of the board to submit in writing "valid" reasons in support of his written recommendation that a probationary teacher be discharged.

3. That mandamus is not the appropriate judicial procedure to procure the relief herein sought, if such be due.

The lower court's decision on the merits necessarily comprehends the overruling of the exception of no cause and no right of action filed in limine. We see no merit in these exceptions. The reasons which impel us to this conclusion will be given in the course of this opinion.

Relator has taught, as a duly accredited teacher, in the public schools of Red River Parish for many years, beginning during 1914. She did not teach during the 1935–36 session, hence could not have been a permanent teacher when the Teacher Tenure law became effective. She did teach in that parish during the 1936-37 and 1937–38 sessions, and was, therefore, a probationary teacher when said act went into effect and was so recognized by respondent. This fact is emphatically reflected from respondent's action in July, 1938, in attempting to discharge her. If she was not then considered a teacher of the parish and in relator's employ, why the effort to rid itself of her services thereafter?

It does not appear that relator's employment was evidenced by a written contract. Even though it be conceded that as regards this question Sec. 49 of Act No. 100 of 1922 is unaffected by Act No. 58 of 1936, a question not without some doubt, we do not think the failure to reduce the contract of employment to writing may now be availed of by respondent. Relator taught many years without a written contract and was regularly paid by respondent the salary due her. The contract of employment for 1936–37 session is now and was at the time the attempt was made to

discharge her, fully executed. That execution produced all the effects and therefrom flowed all the natural results authorized by law, the same as if it had been in writing. Andrews v. School Board of Union Parish, 191 La. 90, 184 So. 552; Id., La.App., 184 So. 574.

Anent probationary teachers, prerequisites to their dismissal, etc., Act No. 58 of 1936, contains the following, to-wit: "Each teacher shall serve a probationary term of three years, such probationary term to be reckoned from the date of his first appointment in that parish in which the teacher is serving his probation. During said probationary term the parish school board may dismiss or discharge any probationary teacher upon the written recommendation, accompanied by the valid reasons, therefor, of the superintendent of schools of that parish."

It is clear from the language of this statute that as a condition precedent to a school board's dismissal of a probationary teacher, the superintendent of the parish must submit to the board "written recommendations" for such dismissal, accompanied by valid reasons therefor. These should be signed by him officially. It is contended that such reasons need not be in writing, but may be assigned orally. We do not concur in this construction of the quoted law. We think the law-maker intended that the charges against the teacher, upon which his or her dismissal is asked, should be in the same form and of the same dignity as the recommendation itself. They are, in reality, companion acts, should be in writing and preserved in the board's archives. If this were not true, in many cases neither the teacher nor the public would know why a dismissal occurred. To effect dismissal of a probationary teacher, the law has definitely placed upon both the school board and the superintendent, elements of responsibility which must be specifically discharged by each. Such responsibility may not be shifted. Andrews v. Claiborne Parish School Board, La.App., 189 So. 355.

We withhold opinion regarding the right of the judiciary to inquire into the validity of the reasons assigned by a superintendent for the dismissal of a probationary teacher. It is not necessary that we go into that question here because the statute has not been followed by the superintendent in relator's case. It is certain courts do have the right to determine if the other conditions precedent to a teacher's dismissal have been met. The superintendent made no written recommendation to the board for relator's dismissal and assigned no written reasons, valid or otherwise, to support any recommendation he did make concerning her.

At a meeting of the respondent board, prior to July, 1938, the superintendent drafted and submitted to the board for its adoption, the following: "Be it resolved by the Red River Parish School Board in regular session convened that the following teachers be notified that their services cannot be retained for the session 1938-39, for the reason that many applicants to teach school have incurred heavy indebtedness and will be unable to pay their debts unless they can secure employment."

This paper is referred to as the superintendent's written recommendation in the case and as containing the "valid" reasons therefor. Relator's name is included in the list which would be affected by the adoption of this resolution, however, it was not adopted by the board.

On July 22, 1938, respondent, on its own motion, adopted the following, to-wit:

"On motion of Mr. Smith, seconded by Mr. Huckabay, the following teachers are hereby notified that their services cannot be retained by the said School Board for the session 1938–39:

Mrs. Lavonia Stracner
Miss Elizabeth Bass
Miss Rodessa Brown
Mrs. C. L. Kennington

"The above motion was unanimously adopted."

This action of the board is now relied upon to sustain the contention that relator, from that date, ceased to be a teacher of Red River Parish. We are certain it is insufficient to accomplish that result, as it was not preceded by proper action of the superintendent. No reason whatever is assigned therein for the dismissal of the named teachers. We imagine no serious one could be assigned against relator as the president of the board, as a witness, frankly admitted none existed and the superintendent, himself, referred to relator as a "very good teacher."

We do not think the exception filed in this court, challenging relator's right to institute and prosecute this suit, well founded. If she were suing to recover salary accruing to her for services rendered as

teacher, a different view would be taken. Succession of Howell, 177 La. 276, 148 So. 48.

■ Act No. 283 of 1928 was intended to and does, in .fact, effectively emancipate married women from all civil disabilities and incapacities theretofore affecting them, from which they had not been relieved by Act No. 94 of 1916 and Act No. 244 of 1918. We quote the following from the 1928 Act, to-wit: "they are hereby empowered to make contracts of all kinds, or to assume or stipulate for obligations of all kinds, in any form or manner now permitted, or which may hereafter be permitted, by law for any person, married or unmarried, of either sex, and in no case shall any act, contract or obligation of a married woman require, for the validity or effectiveness thereof, the authority of her husband or of the Judge." Section 1.

■ And Sec. 2 of this Act confers upon married women the right to institute and defend suits, and to stand in judgment without the authority of their husbands or of the court. The language of the Act conferring upon married women the right to contract and sue is all embracing in its purview. This appears obvious when viewed in the light of the limitations carried by the 1916 and 1918 Acts, which are significantly omitted from the 1928 Act.

In Succession of Howell, supra, the court made this definite statement relative to the lack of right of the wife in that case to sue to recover a community debt, viz.: "We are inclined to the view that Act No. 283 of 1928, relative to the emancipation of married women, should not be given the effect of enabling a wife to sue upon a debt supposedly paraphernal, though really belonging to the community, upon the simple authorization of the husband to sue. The husband, as head and master of the community, should institute suits for the community. This, at the time of the adoption of the act of 1928, was the law, and the act itself, in its closing section, provides 'that nothing herein contained shall modify or affect the laws relating to the matrimonial community of acquets and gains.' "

■ But in that case, as said by the court, the wife was suing upon a "debt supposedly paraphernal, though really belonging to the community". We register no dissent to what the court therein held. However, the instant case is quite dissimilar. Relator is not suing to recover salary earned. She is seeking to compel respondent to recognize in her a status as teacher, which the law of the state, when applied to the facts, definitely declares to be existant and to deal with her on that basis. The right to have this status vindicated judicially, when denied, is personal to her. This status sprang from the existence of these factors, to-wit:

Relator's being legally qualified to teach and having taught for respondent pursuant to contract with it, and the Teacher Tenure law. And since relator had the right unqualifiedly to contract and has been given a like right to sue, independent of her husband, we can perceive of no sound reason in law or otherwise why she has not the right personally to seek judicially to have preserved to her the benefits and advantages flowing from the discharge of her contractual obligations with respondent. If this were not true, then the 1928 Act does not nearly accomplish the high purposes motivating its adoption. It would mean that except as regards contracts affecting the wife's separate and paraphernal property, the husband, as head and master of the community between them, is alone vested with the power to enforce such contracts or any right flowing therefrom. This would carry us back to the 1916 and 1918 Acts for guidance in such cases.

■ Relator adopted the appropriate procedure in resorting to the extraordinary remedy of mandamus to enforce against respondent her legal rights. Her status being fixed by law and respondent's duty toward her being likewise defined, it but remains for respondent to follow the plain statutory provisions. Its duty, in that respect, is ministerial and it is settled beyond question that public officials and public boards may be compelled by mandamus to perform such a duty. Code of Practice, Arts. 830, 834; Badger, Receiver, v. City of New Orleans, 49 La.Ann. 804, 21 So. 870, 37 L.R.A. 540; Cook v. City of Shreveport, 163 La. 518, 112 So. 402; State ex rel. City of New Orleans v. Louisiana Highway Commission, 180 La. 512, 156 So. 806.

Relator attached to her motion to dismiss this appeal a warrant issued by respondent on its fiscal agent bank on December 7, 1938, in her favor, which on its face, states that it was issued to her as payment for "four mos. services as probationary teacher at Martin school". This warrant was issued after judgment of this court in suit

No. 16,895 had become final. The payment and the contents of the warrant reflect somewhat clearly a recognition of relator's status as a probationary teacher, but in view of our opinion on that question, herein discussed at length, we deem it unnecessary to remand the case for testimony on the issue of acquiescence raised by the motion.

The lower court recognized relator as a probationary teacher in the employment of respondent, and ordered it to contract with her as such. We are in accord with this judgment, and it is affirmed with costs.