## KENNINGTON et al. v. RED RIVER PARISH SCHOOL BOARD.

### No. 6168.

Court of Appeal of Louisiana. Second Circuit.

Nov. 29, 1940.

Rehearing Denied Jan. 13, 1941.

Writ of Certiorari and Review Denied March 3, 1941.

See, also, 199 So. 123.

H. L. Hughes, of Natchitoches, and H. W. Bethard, Jr., of Coushatta, for appellant.

Cawthorn, Golsan & Hunter, of Shreveport, for appellees.

DREW, Judge.

The School Board of Red River Parish has made three attempts to discharge Mrs. C. L. Kennington as a teacher in the public schools of that parish. The first attempt was made by the Board in the summer of 1937 by not sending to her a contract of employment for the school year 1937–1938. See State ex rel. Kennington

v. Red River Parish School Board, La.App., 185 So. 490.

The second attempt was made on July 22, 1938, by a resolution adopted unanimously by the School Board, as follows: "Be it resolved by the Red River Parish School Board in regular session convened that the following teachers be notified that their services cannot be retained for the session 1938–1939 for the reason that many applicants to teach have incurred heavy indebtedness and will be unable to pay their debts unless they can secure employment."

Among the four teachers notified under the above quoted resolution was Mrs. C. L. Kennington. When that case came before us, we held that the School Board had failed to comply with the Teachers' Tenure Act, No. 58 of 1936; 193 So. 225. In that case we held that Mrs. Kennington was a probationary teacher in the public schools of Red River Parish.

On December 7, 1938, at a regular meeting of the Red River Parish School Board, the said Board adopted a resolution to pay Mrs. Kennington her salary for four months beginning September 12, 1938, and ending on December 12, 1938. On the same day, by unanimous vote, it accepted the following recommendations made in writing by the Superintendent of schools for Red River Parish:

"December 7, 1938.
"Members of the Red River Parish
"School Board,—
"Gentlemen:

"The highly controversial matter as to whether the services of Mrs. C. L. Kennington shall be continued as a teacher in the Martin High School or not will again engage your attention.

"The Circuit Court of Appeals has sustained the School Board's position that Mrs. C. L. Kennington is not a permanent teacher in the Martin High School.

"However, a new suit which Mrs. C. L. Kennington has more recently filed against the School Board, the District Court has held that Mrs. C. L. Kennington is a probationary teacher and that the method used in dismissing her as a teacher from the Martin High School was not in accord with the provisions of the Teacher Tenure Act. (The word "in" omitted in first line.)

"Therefore, after giving this matter considerable thought, I recommend that the services of Mrs. C. L. Kennington be dismissed as a teacher from the Martin High School for the following reasons:

"1. The members of the School Board are elected by the people and are therefore in a position to keep in close touch with public sentiment in the community.

"2. The School Board has voted unanimously on two occasions to discontinue the services of this teacher.

"3. It is my impression that this teacher has not been in attendance in summer schools for the purpose of keeping abreast with modern trends in education for the past 15 or 20 years.

"4. Public sentiment in the community, in my judgment, would not warrant the employment of Mrs. C. L. Kennington as the matter has apparently become highly contentious among patrons of the school.

"5. Finally, a competent teacher, Mrs. Eula Lee Brown, was employed to fill this vacancy at the beginning of the present school year, 1938–1939, and in view of the fact that this teacher's service is highly satisfactory to patrons, pupils and school authorities, it is further my opinion that the best interest of the children cannot be served if a break is made for the continuity of their instruction as it is now provided for.

"A. H. Horton,
"Superintendent."

On June 15, 1939, Charles L. Kennington, husband of Mrs. C. L. Kennington, instituted this suit against the School Board seeking to recover five months' salary due Mrs. Kennington for the remainer of the 1938–1939 school session, and prayed that the School Board be ordered to pay her month by month as the other teachers are paid until such time as she is legally discharged by the School Board. He further prayed that she be recognized as a probationary teacher in the public schools of Red River Parish.

The defense is that the acceptance of the above quoted recommendations made by the Superintendent of the School Board was in effect a legal discharge of Mrs. Kennington of that date, and therefore nothing is owing to her or to plaintiff.

The lower court, after hearing the testimony, found the act of the School Board was not a legal compliance with Act 58 of 1936 and awarded judgment for plaintiff as prayed for. Defendant has perfected an appeal to this court.

 The motive for, and the underlying principle of, any act relating to the administration of our public school system

should be for the improvement and advancement of the cause of education for our young people, but we are constrained to believe that the motive behind the present Teacher Tenure Act (No. 58 of 1936) was to protect teachers against political vengeance and reprisals. Many courts of other jurisdictions in dealing with acts similar to ours have so held. A law of this nature must always be liberally construed in favor of those it is enacted to protect. That being true, it necessarily follows that the School Boards should be held to strict compliance with the statute. There is considerable doubt in our minds as to whether the mere acceptance by the School Board of the recommendations of the Superintendent is a compliance with the law which requires the School Board to employ and discharge teachers. Does the acceptance of the recommendations of the Superintendent without a formal motion or resolution by the School Board discharging the teacher comply with the law? We doubt it, but prefer to determine the case on the principal issues raised.

It is to be noted that this is the third attempt of the School Board to discharge Mrs. Kennington as a teacher in the public schools of Red River Parish, but the first time it is even insinuated that she is incompetent, and now it is only done in a very mild manner. The Superintendent in his recommendations has only this to say in that regard: "It is my impression that this teacher has not been in attendance in summer schools for the purpose of keeping abreast with modern trends in education for the past 15 or 20 years." The testimony discloses there was no discussion of the qualifications or competency or incompetency of Mrs. Kennington before or at the time the recommendations of the Superintendent were accepted. The Superintendent admitted he had no complaint against Mrs. Kennington, except from the School Board member of her ward, and that his recommendations were made from what he was told by this member.

In the second of these cases which was before us, decided November 3, 1939, 193 So. 225, 228, we said: "No reason whatever is assigned therein for the dismissal of the named teachers. We imagine no serious one could be assigned against relator as the president of the board, as a witness, frankly admitted none existed and the superintendent, himself, referred to relator as a 'very good teacher.'"

We can almost word for word repeat that statement in the case at bar. Mr. Sewall, the School Board member from the ward in which Mrs. Kennington teaches, as a witness, made no complaint worthy to mention. He stated that the reason Mrs. Kennington was not re-employed for the 1937–1938 term was because she told him she was not well and wanted to retire and, for that reason, he had continuously attempted to discharge her although she has fought every move made by him and the School Board to free her from her work. It is clear from the record that Mr. Sewall is the man who is seeking Mrs. Kennington's scalp and it is likewise just as plain to see that he is doing it to avenge an old, deep-seated grudge he has against Mrs. Kennington's husband, the plaintiff in this suit. In our opinion, the principal purpose of Act 58 of 1936 was to protect good teachers against such actions of School Board members as those of Mr. Sewall in this case.

The record abundantly refutes all the charges made in the recommendations of the Superintendent.

Defendant urges the following rule of law in support of its right to discharge Mrs. Kennington: "Courts may not, under the pretext of finding a remedy, assume to exercise the discretion which the people, acting through their Legislature, have lodged in administrative officers and agencies. Judicial discretion is a thing apart from administrative discretion, and the latter will never be disturbed by the courts unless it is unreasonably exercised or is otherwise unlawful. This principle is applicable with peculiar force to the administration of the public school system." Citing Lost Creek Twp. v. York, decided May 22, 1939, and reported in 215 Ind. 636, 21 N. E.2d 58, 127 A.L.R. 1287.

There can be no argument as to the soundness of this rule ordinarily and we followed it in the case of Lanier v. Catahoula Parish School Board, La.App., 154 So. 469, decided May 4, 1934, which was before the enactment of Act 58 of 1936, which Act in our opinion deprived the School Boards of this state of the discretionary powers they formerly had to discharge a teacher at will or at least for any reason in the Board's discretion it deemed for the best interest of the schools.

The Act defines how and why a teacher may be discharged and states it must be for valid reasons and in our opin-

ion grants to the courts the right to inquire into the actions of the School Board to determine if the reasons assigned were valid ones. We have done that in this case and find the reasons assigned by the Superintendent are not valid in that they are not true. They are fictitious and cannot be established as a fact.

We find no error in the judgment of the lower court and it is affirmed, with costs.