YARRUT, Judge ad hoc.
The District Court dismissed relator’s suit for a mandamus to compel defendant to furnish meters and gas to his property located in Gretna.
Relator alleged that defendant is a public utility, the only public utility in Gretna, and is required to furnish relator with meters and gas for heating and cooking at his premises, 304-06 Fifth Street, Gretna, and that he has no adequate remedy except a writ of mandamus. Relator further charges that defendant’s refusal to furnish him such gas meters and service is capricious, arbitrary and illegal.
Defendant, after first admitting its refusal to install the meters, sought to jus *818 tify its refusal on factual grounds to the effect:
“That the City of Gretna has, through its Supervisor of Plumbing, consistently required that Defendant make service of gas to the consumers in the City of Gretna by means of a service line with one main cut-off valve; that relator in this petition seeks to require Defendant to serve gas by a separate service line which would require a second cut-off valve and thereby violate the requirements of the City of Gretna.”
Subsequent to the answer, defendant filed an exception of no right or cause of action on the ground that relator is without right to compel, by mandamus, the installation of the service demanded. This exception was maintained and relator’s suit was dismissed without a hearing on the merits.
From the admissions of defendant that it is a public service corporation with a franchise to furnish meters and gas under certain legal requirements, it has a public duty to furnish such service unless it asserts and proves legal and factual grounds for such refusal.
It is well established in our jurisprudence that a public service corporation with a franchise, to furnish service, can be compelled to do so by mandamus if it arbitrarily or unjustifiably refuses such service. The cases cited by the District Court as authority for maintaining defendant’s exceptions are inapposite. The case of State ex rel. Pollock v. Equitable Life Assurance of the United States, 167 La. 342, 119 So. 71, merely holds that a mandamus cannot be invoked to enforce an obligation arising ex contractu, but only to compel performance of a duty imposed by law. The case of State ex rel. Kells v. New Orleans Gas Light Company, 108 La. 67, 32 So. 179, was tried and decided on the merits. In State ex rel. Brown v. United Gas Public Service Co., 197 La. 616, 2 So.2d 41, the Court held that mandamus does not lie to compel a corporation to perform obligations arising ex contractu. That case presented a private contract for the payment of royalties, not the duty under a public franchise to install a public utility.
Since the allegations of relator’s petition must be taken as true, to-wit that he owns property in Gretna, that defendant is a public utility and the only such public utility in Gretna, and under its franchise is required to furnish relator with gas, and that defendant has capriciously, arbitrarily, and illegally refused to service him, he is entitled to a trial on the merits.
Accordingly, the judgment of the District Court, maintaining the exception of no right or cause of action, is reversed and the matter remanded to' the District Court to be proceeded with according to law.
Reversed and remanded.