(52 South. 120.)

No. 18,176.

STATE ex rel. GUION, Atty. Gen., v. PEOPLE'S FIRF INS. CO. OF NEW ORLEANS.

In re GUION, Atty. Gen.

(March 28, 1910.)

*(Syllabus by the Court.)*

PROHIBITION (§ 10*)—GROUNDS.

Where, in a proceeding by the state to forfeit the charter of a corporation, the property of which is sequestered, a judgment is rendered decreeing the forfeiture, but dissolving the sequestration, and ordering the appointment, with full powers, of receivers named by some of the stockholders, and the state is allowed a suspensive appeal from such judgment, the trial court is thereby devested of jurisdiction of the matter, and prohibition will issue to restrain the making of an inventory, or action upon a rule against the sheriff to surrender the sequestered assets to the persons claiming to be receivers under such order of appointment and subsequent confirmation.

[Ed. Note.—For other cases, see Prohibition, Dec. Dig. § 10.*]

Prohibition by the State, on information and relation of Walter Guion, Attorney General, against the People's Fire Insurance Company of New Orleans. Alternative writ made peremptory to civil district court, parish of Orleans.

Walter Guion, Atty. Gen. (R. G. Pleasant, of counsel), for the State. Meyer S. Dreifus, for respondent.

Statement of the Case.

MONROE, J. It appears, from the petition and returns herein, that the state brought suit to forfeit the charter of the defendant company, alleging that the company was doing business without a license and without paid-up capital, as required by law, and that it caused a preliminary injunction to issue, and a writ of sequestration under which the assets of the company were seized by the sheriff. Defendant admitted facts authorizing a judgment of forfeiture, and, among others, that it was organized in 1907, with a nominal capital of $100,000, fully subscribed, and of which, when it began business, an amount exceeding $35,000 had been paid in; that the year 1907 was disastrous, and that within a year from said date (when it began business) it had collected a total of only $80,000; that on December 30, 1909, its directors approved the action of its president in calling a meeting of its stockholders for January 27, 1910, to vote upon the question of liquidation; that the meeting was held, the liquidation decided upon, and the liquidators named; that the liquidation is governed by Acts 105 of 1898 and 50 of 1902, and not by Act 124 of 1908, which, if applied, will impair the obligations of its contract—being its charter—which provides a method of liquidation. Upon the same day Alexander C. O'Donnell, E. J. Baysset, and W. J. Gillespie, intervened, alleging that they were the liquidators named by the stockholders, and that the stockholders had "resolved" that the court be requested to confirm them, and praying to be confirmed. To this intervention the state excepted and answered. Thereafter evidence was adduced and the case submitted, and on February 16, 1910, there was judgment (which was signed on February 23d) decreeing the forfeiture of defendant's charter and perpetuating the injunction restraining it from doing business, but dissolving the sequestration and ordering the appointment of the interveners as liquidators, upon their taking the oath according to law, and authorizing them to administer. On the following day (February 24th), the Attorney General, on behalf of the state, moved for and obtained an order for an appeal, suspen-

sive and devolutive, and the judge granted the appeal, making it returnable to this court on March 21st, and the transcript was lodged in the clerk's office on March 11th. In the meanwhile, as the state now alleges, on February 28th the judge a quo confirmed his appointment of the liquidators, and the appointees proceeded to obtain an order for an inventory and to rule the sheriff and the Attorney General to show cause why the assets of the company should not be delivered to them, which rule, at the time of this application, had been reassigned for another day, and the state here alleges that it fears that the rule will be made absolute, and that the assets of the company, consisting mainly of cash, will be immediately disbursed by said appointees, unless further proceedings are prohibited pending the appeal. The respondent judge makes a return submitting the matter for the action of this court. The interveners also make a return in which they admit that they have qualified as liquidators under the order of appointment, have obtained an order for an inventory, and have taken the rule as alleged, but deny that the state has perfected its appeal, and say that the question is governed by section 4 of Act 159 of 1898, which requires appeals to be perfected within 10 days.

### Opinion.

Act 159 of 1898 provides for the appointment of receivers to corporations upon the application of stockholders or creditors, or both, and for appeals from orders made upon such applications. It does not purport in any way to regulate proceedings instituted by the state for the forfeiture of corporate charters, appeals from judgments in which are governed by the general law upon the subject. Act 45 of 1870 (Ex. Sess.) § 1, provides that:

"All appeals from the parish of Orleans * * * shall be made returnable on the first and third Mondays of each month," etc.

And Act 106 of 1908 provides that:

"Judges throughout the state shall fix the return days, in all cases * * * appealable to the Supreme Court, * * * in the order granting the appeal, which shall not be less than fifteen nor more than sixty days."

The last-mentioned statute has never been held to apply to the parish of Orleans; but, under either law, the return day in this case was properly fixed, as there was hardly time between February 24th and the first Monday in March for the preparation of the transcript. All that has thus been said is, however, somewhat apart from the only question which it becomes necessary here to decide. The district court, having granted the appeal, was divested of jurisdiction, and the question whether the appeal should be dismissed, because the return day was improperly fixed or because (if that had been the case) the appellant failed to lodge the transcript in this court within the delay granted, is one for this court to decide. Pemberton v. Zacharie et al., 4 La. 205; Fink, Ex'r, v. Martin et al., 10 Rob. 147; State v. Judge, 8 La. Ann. 434; State ex rel. Gaussen v. Judge, 21 La. Ann. 45; State ex rel. Dubuclet v. Judge, 24 La. Ann. 600; State ex rel. Railroad Co. v. Judge, 39 La. Ann. 774, 2 South. 390; Barrow ex rel. v. Clack, 45 La. Ann. 481, 12 South. 631. The order for the appointment of the receivers in this case, it may be remarked, in conclusion, does not purport to limit the authority of the appointees to a provisional administration, and hence does not fall within the meaning of Code Prac. art. 580, § 2. Moreover, the judgment appealed from dissolves the sequestration, and the appeal suspends the execution of that judgment, and yet, if the rule which the receivers have taken be made absolute, the sheriff will be divested of the possession of the sequestered property, and it may be disbursed before the case presented by the appeal of the state can be heard. We are therefore of opinion that the writ prayed for should issue.

It is accordingly ordered, adjudged, and decreed that the alternative writ of prohibition, herein issued, be now made peremptory, and that the respondent judge and the parties to the suit of State of Louisiana on the Relation and Information of the Attorney General v. People's Fire Insurance Co. of New Orleans be prohibited from further proceeding in said suit until the further order of this court.