(94 South. 148)

No. 25405.

**NEW ORLEANS SILICA BRICK CO. v. JOHN THATCHER & SON.**

**In re GLOBE INDEMNITY CO.**

(Oct. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⟨⟩485(2)—Defendant's failure to appeal held not to render judgment final, so as to permit execution pending appeal by one whom it interpleaded.**

Where a contractor took over a subcontract, and was sued by one furnishing materials for use on the subcontract, and interpleaded the subcontractor's surety which claimed the amount due on the subcontract, and was permitted to pay the amount of the claim into court, the contractor's failure to appeal from a judgment in favor of the materialman did not render such judgment final, so as to permit the issuance of execution pending a suspensive appeal by the surety; the contractor being only a stakeholder with no actual interest.

2. **Appeal and error ⟨⟩151(6)—Claimant of fund interpleaded by defendant held aggrieved and to have appealable interest.**

Where a contractor, taking over and completing a subcontract and sued by a materialman for materials furnished for use on the subcontract, interpleaded the subcontractor's surety on allegations that it claimed the amount due under the subcontract, the surety was aggrieved by the judgment for the materialman and had an appealable interest in the suit.

3. **Appeal and error ⟨⟩485(1)—After suspensive appeal perfected jurisdiction of all matters involved was transferred to appellate court.**

When a suspensive appeal under Code Prac. art. 575, has been granted and perfected, the trial court becomes thereby divested of all jurisdiction over the matters covered by and involved in such appeal, and jurisdiction thereover is thereby transferred to the appellate court.

4. **Prohibition ⟨⟩10(2)—Proper remedy when execution taken out pending suspensive appeal.**

Where execution is taken out by plaintiff during the pendency of a suspensive appeal, the proper remedy is by application for a writ of prohibition.

Action by the New Orleans Silica Brick Company against John Thatcher & Son, in which the Globe Indemnity Company was called in and made a party. Judgment for plaintiff, from which the Indemnity Company appealed. On application by the Indemnity Company for writs of certiorari, mandamus and prohibition. Writs of prohibition granted.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for relator.

By the WHOLE COURT.

LAND, J. Plaintiff obtained a judgment against defendant in the civil district court for the parish of Orleans in the case entitled New Orleans Silica Brick Company v. John Thatcher & Son, No. 122,832 on the docket of said court. This judgment was for the sum of $2,430.80, the purchase price of certain building materials sold by plaintiff to defendant and used by defendant in construction work under a certain subcontract let in the course of the erection of the Elks Home in the city of New Orleans. The defendant was the general contractor, and was compelled to take over this subcontract, originally let by defendant to Walter T. Carey & Co., after the default of the latter company, and also after the Globe Indemnity Company had declined to complete said subcontract, after the demand of defendant. The defendant, in its answer to plaintiff's suit, admitted the purchase of the materials and averred that the Globe Indemnity Company, the relator herein, had become the surety on the bond of Walter T. Carey & Co. upon the subcontract in question, and was, accordingly, liable for the default of Walter T. Carey & Co. on said subcontract, and that said surety had notified defendant that, previous to going surety for W. T. Carey & Co. on said subcontract, the plaintiff had agreed to advance to the said W. T. Carey & Co. $1,500 to be used for meeting pay rolls, and to furnish to W. T. Carey & Co. all the material of every kind which it might need in the execution of said subcontract, and had further agreed to waive and not file any liens of any kind against the building being erected by defendant for the Benevolent Protective Order of Elks, but that plaintiff had failed to furnish to said W. T. Carey & Co. the lumber necessary for the execution of the said subcontract, and that said lumber had been furnished by W. T. Carey & Co. in an amount exceeding $3,000.

Defendant further averred in its answer to plaintiff's suit that said surety had informed defendant that, if it paid the amount sued for or any other amount to plaintiff, said payment, in view of said information and said agreement on the part of plaintiff, would be considered by said surety as releasing it from all liability on said bond, and that the amount herein sued for should be paid by defendant to the surety, the Globe Indemnity Company. The answer of defendant further averred that, on account of the conflicting claims thus made, it was unable to determine to whom payment should be made, and accordingly deposited the sum claimed, with interest and costs, totaling $2,535.19, in the registry of the court, praying that the surety be cited to litigate its claim thereto contradictorily with the plaintiff.

Upon the filing of this answer by defendant, the respondent judge signed an order, permitting this deposit to be made by the defendants, and the surety to be called in and made a party to the suit. The relator thus cited filed its petition, averring that it became surety upon the bond of W. T. Carey & Co. on the faith of an agreement signed by plaintiff, whereby the latter undertook to furnish W. T. Carey & Co. with all concrete materials necessary to the performance of said subcontract, and agreeing to furnish such materials upon the credit of the subcontractor alone, waiving any lien or privilege against the building, and any claim against the surety upon the bond. The petition of the relator further set out that, on account of the default of W. T. Carey & Co., and of the consequent liability of its surety therefor, it was threatened with a liability upon the bond in excess of the balance in the hands of defendant to the credit of W. T. Carey & Co., and that, accordingly, if the plaintiff should be permitted to collect the amount claimed in its suit from defendant, said amount would be charged up by defendant to moneys in its hands to the credit of

W. T. Carey & Co.'s subcontract, with the result that plaintiff would receive payment for materials delivered by it in connection with the subcontract of W. T. Carey & Co., to the prejudice of the surety upon the bond, and in violation of the agreement between the plaintiff and the surety, whereby the plaintiff agreed to furnish such materials without having recourse for the payment for same against the surety.

The case was tried upon its merits, and judgment was rendered in favor of the plaintiff against defendant, and against the relator, dismissing its intervention, so called.

Relator applied for and obtained an order for a suspensive and devolutive appeal from said judgment. The respondent judge fixed the bond at $250, which was filed within the period for the filing of a suspensive appeal. The transcript was filed in this court on the return day, May 3, 1922, and no motion to dismiss the appeal has been made.

Thereafter, on May 29, 1922, the plaintiff proceeded in the civil district court to issue a writ of fieri facias on the judgment in its favor, and against the defendant, under said writ, and filed garnishment proceedings against the clerk of said court, seeking to seize in his hands the sum of money deposited by defendant at the time the answer was filed, admitting the indebtedness, depositing the sum sued for in court, and calling in relator to litigate with plaintiff as to the disposition of the fund thus deposited.

[1] The respondent judge asserts in his return that, as defendant took no appeal from the personal judgment rendered against it in favor of the plaintiff, that judgment was and is absolutely final, in so far as the execution is concerned. We cannot concur in this view. Defendant in this suit has assumed the attitude of a mere stakeholder, has deposited the money in the registry of the court, and has caused the relator, the Globe Indemnity Company, and the plaintiff to as-

sert contradictorily with each other their respective claims to the fund deposited. Defendant prays that, after making said deposit and causing the relator to be cited, it be relieved of all further liability and responsibility to either of said claimants for and on account of said amount. Defendant has no defense to make, no actual interest to protect, save payment to the proper claimant in concurso under the protection of the judgment of the court. Why, then, should defendant appeal from the judgment against it, when it is without concern as to which of the litigants shall receive the fund deposited in court? The real contest in this case is not between relator and defendant or between the plaintiff and the defendant, but between the plaintiff and the relator.

[2] The relator is not an intervener voluntarily entering into the suit between plaintiff and defendant, but has been interpleaded by defendant and made a party to the suit by the order of the respondent judge. So this is not the case of a suspensive appeal taken by an intervener, in the sense of that term. Relator is a third person called into the suit between plaintiff and defendant by the court's order. In the Succession of Bothick, 110 La. 109, 34 South. 163, we said:

"Where the decree appealed from will, if permitted to stand, affect disastrously certain rights asserted by a third person, an appealable interest in the latter exists."

Also we held in the case of Lesseigne v. Cedar Grove Realty Co., 150 La. 641, 91 South. 136:

"The law gives to third persons the right of intervening and appealing in any case where they allege that they have an interest in the cause, and where they have been aggrieved by the judgment rendered."

The petition filed by relator in the suit between plaintiff and defendant unquestionably alleges an interest in that cause, and, as the effect of the judgment rendered in favor of

plaintiff against defendant, and in favor of plaintiff against relator dismissing its suit, is to hold relator liable for a large sum of money as surety upon the bond of the subcontractor, when relator has alleged an agreement on the part of plaintiff with it to protect it against all liability on said bond, it necessarily follows that relator has been aggrieved by said judgment.

We therefore conclude that relator has shown an appealable interest in this suit.

[3] It is well settled that, where a suspensive appeal has been granted and perfected, as in the present case, the trial court becomes thereby divested of all jurisdiction over the matters covered by and involved in said suspensive appeal, and that jurisdiction over these phases of the controversy between the parties is thereby transferred from the trial court to the appellate court. C. P. art. 575; Dannenmann & Charlton v. Charlton, 113 La. 276, 36 South. 965; Cluseau v. Wagner, 126 La. 375, 52 South. 547; Borah & Landen v. O'Neill, 121 La. 733, 46 South. 788.

[4] Relator is therefore entitled to relief against the execution taken out by the plaintiff in the district court during the pendency of the suspensive appeal, as said court is without jurisdiction to allow any steps in the execution of the judgment appealed from, and the proper remedy is by application for a writ of prohibition. State ex rel. Guion v. People's Fire Insurance Co., 125 La. 983, 52 South. 120; State ex rel. Notal v. Judge, 37 La. Ann. 827; State ex rel. Menge v. Rightor, Judge, 36 La. Ann. 711; State ex rel. Railroad v. Judge, 27 La. Ann. 697.

It is therefore ordered that writs of prohibition issue in this case, directed to Hon. Porter Parker, judge of division D of the civil district court for the parish of Orleans, and to the New Orleans Silica Brick Company, plaintiff in the case of New Orleans Silica Brick Co. v. John Thatcher & Son,

No. 122,832 on the docket of the civil district court for the parish of Orleans, restraining and prohibiting the said judge and the said plaintiff from proceeding further with the execution of the judgment rendered in said cause during the pendency of the suspensive appeal therefrom, and it is further ordered that said writs be and are hereby made peremptory and perpetual.