## STATE ex rel. AUSTERMELL v. LOUISIANA PUBLIC SERVICE COMMISSION.

(Nov. 12, 1923.)

*(Syllabus by Editorial Staff.)*

Public service commissions ⊂⊃19(4)—When no contempt disclosed, Supreme Court will annul rule issued by state Public Service Commission.

Where the state Public Service Commission had issued an order to show cause why the secretary of a pipe line company should not be punished for contempt, and the certified record filed by the Commission in response to a writ of certiorari did not show a sufficient reason why the proceedings were instituted, and the answer of the Commission fails to disclose any contempt, the Supreme Court will annul the order or rule for contempt.

Dawkins, Overton, St. Paul, and Thompson, JJ., dissenting.

Certiorari by the State, on the relation of H. T. Austermell, against the Louisiana Public Service Commission, to annul contempt proceedings, instituted against relator. Rule for contempt annulled.

T. M. Milling, F. L. Hargrove, and Albert P. Garland, all of Shreveport, for relator.

Huey P. Long, of Shreveport, for respondent.

By the WHOLE COURT.

O'NIELL, C. J. The relator in this case is the party referred to as the secretary of the Standard Pipe Line Company, Inc., in the case entitled State ex rel. T. M. Milling v. Louisiana Public Service Commission, No. 26241, ante, p. 752, 98 South. 175, decided to-day.

The certified record filed by the Public Service Commission, in response to the writ of certiorari does not show a sufficient reason why contempt proceedings should have been instituted against Mr. Austermell. Nor does the answer of the Commission inform us of any offense on his part. For that reason, and for the reasons given in our opinion in State ex rel. T. M Milling v. Louisiana Public Commission, as far as those reasons are appropriate.

The order or rule for contempt served upon the relator, H. T. Austermell, is annulled.

DAWKINS, OVERTON, ST. PAUL, and THOMPSON, JJ., dissent.

====

(98 South. 184)

No. 26319.

## ZAHN v. UNKNOWN OWNERS.

## In re KIERN.

(Nov. 19, 1923.)

*(Syllabus by Editorial Staff.)*

1. Certiorari ⊂⊃44 — Prohibition ⊂⊃28 — Whether relator had sufficient interest to appeal or had perfected appeal could not be considered on application for certiorari and prohibition.

Where a tax sale purchaser prayed for a writ of possession against unknown owners, whether a creditor of the owner of the property has alleged a sufficient interest to entitle him to appeal from an order granting the writ, or whether he has failed to perfect his appeal by giving proper notice, are questions which should be presented in a motion to dismiss the appeal, and cannot be considered by the Supreme Court in disposing of an application for writs of certiorari and prohibition to bring up the record on the appeal.

**2. Certiorari** ⟨key⟩**64(1)—Prohibition** ⟨key⟩**28— Sufficiency of evidence not considered on application for certiorari and prohibition to bring up record.**

Whether the evidence below was such as is required by Act No. 170 of 1898, § 66, as a basis for the issuance of a writ of possession, is a matter affecting the merits, and is to be decided after hearing the case on appeal, and hence cannot be considered on application for writs of certiorari and prohibition to bring up the record on appeal.

**3. Courts** ⟨key⟩**207(5)—Under supervisory jurisdiction Supreme Court may maintain status quo until appeal reached in due course.**

Where a suspensive appeal has been taken from an order granting a writ of possession, and refusal of writ of prohibition will render the suspensive appeal, which under Code Prac. art. 575, stays proceedings, ineffective, the Supreme Court will maintain the status quo until the appeal can be reached in due course, in view of Const. 1921, art. 7, § 2, authorizing the Supreme Court in aid of its jurisdiction to issue all needful writs. orders, and process, and of Code Prac. art. 130, declaring that all judges possess the powers necessary for the exercise of their respective jurisdictions.

**4. Appeal and error** ⟨key⟩**151(6)—Creditor not party to judgment awarding writ of possession held entitled to appeal.**

Under Code Prac. art. 571, authorizing third persons not parties to the cause to appeal when they allege they have been aggrieved by the judgment, the creditor of a corporation, sought to be dispossessed by a writ of possession issued to a tax sale purchaser, has the right to appeal from the judgment awarding the writ.

Certiorari to Civil District Court, Parish of Orleans.

Suit by Bernhardt J. Zahn against unknown owners for a writ of possession. . Writ issued, and Bertrand Kiern applied for suspensive and devolutive appeal, which was granted, and bonds therefor fixed. On application by Bertrand Kiern for writs of certiorari and prohibition to be directed to the clerk and sheriff of the civil district court ordering them to send up the record, and restraining further proceedings by the sheriff. Writ of prohibition issued.

Terriberry, Rice & Young, of New Orleans, for relator.

Benjamin Ory, of New Orleans, for respondents.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

LAND, J.  On October 8, 1923, Bernhardt J. Zahn, alleging himself to be the purchaser of certain property described in his petition at certain city tax sales for city taxes for the year 1922 applied to the civil district court of the parish of Orleans for an ex parte writ of possession, averring that petitioner's tax titles had been of record in the conveyance office in the city of New Orleans for over one year, and also his right to be sent into the actual possession of said property. Upon the presentation of this petition, Hon. Wm. H. Byrnes, Jr., one of the judges of said court, Division E, signed an order on October 8, 1923, issuing a writ of seizure and possession directed to the civil sheriff of the parish of Orleans, and authorizing and commanding him to seize the property in question, and to place the petitioner, Bernhardt J. Zahn, in the actual possession of same in accordance with law.

On October 19, 1923, Bertrand Kiern applied by petition to the civil district court of the parish of Orleans for a suspensive and devolutive appeal to this court from said order issuing said writ of possession, alleging that he was injured and aggrieved thereby, as the property in controversy belonged to the Simplex Flour Company, Inc., and as he was a creditor of said corporation, whose domicil is in the city of New Orleans, in the sum of $3,000.

On October 19, 1923, Hon. M. M. Boatner, one of the judges of the civil district court of the parish of Orleans, signed an order granting to Bertrand Kiern an appeal, suspensive and devolutive from said order granting said writ of possession, returnable

to this court December 15, 1923, and fixing the amount of the suspensive appeal bond in the sum of $2,000 and the amount of the devolutive appeal bond in the sum of $100. Bonds both for a suspensive and for a devolutive appeal, and in the respective sums fixed by the order of the court, were duly executed by Bertrand Kiern, and filed in the case in the civil district court of the parish of Orleans on October 19, 1923.

The case is before us upon the application of Bertrand Kiern, for writs of certiorari and prohibition to be directed to the clerk and sheriff of the civil district court, ordering them to send up the record in this case, and restraining and prohibiting the sheriff of said court from taking any further steps or proceedings in the case of "In re Bernhardt J. Zahn, Praying for Writ of Possession against Unknown Owner," No. 149349 of the docket of the civil district court of the parish of Orleans.

Said application is based upon the ground that the suspensive appeal granted to relator, and timely perfected by him, suspended all steps and proceedings in said matter in said civil district court, and that said sheriff is attempting and is about to serve and execute said writ, when he is without right, power, or authority to take such action.

[1] Whether the relator, a third person, has alleged sufficient interest to entitle him to prosecute this appeal, or whether relator has failed to perfect his appeal by giving notice to both plaintiff and defendant in the proceeding in the lower court, are matters urged by respondent judge against the granting of this application, but these are matters which should be presented in a motion to dismiss the appeal, and cannot be considered by us in disposing of this application.

[2] The question also whether the evidence before the lower court was such as is required by section 66 of Act 170 of 1898 as a basis for the issuance of the writ of possession is a matter affecting the merits, to be decided after hearing the case on appeal.

A suspensive appeal has been granted by the civil district court of the parish of Orleans, and this appeal has been perfected by the giving and the filing of a suspensive appeal bond in that court within 10 days after the granting of the order in this case.

The question presented to us is not whether a suspensive appeal can be taken in this case; it has already been taken.

[3] Should we refuse the writ of prohibition applied for in this case, we would render the suspensive appeal taken by the relator a futile proceeding, as such action upon our part would be a consent to the execution of the judgment of the lower court during the pendency of the suspensive appeal. The effect of a suspensive appeal is to stay execution and all further proceedings until definitive judgment be rendered on appeal. C. P. art. 575.

It is therefore our clear duty to maintain the status quo until this appeal can be reached in due course by this court.

The Supreme Court, in aid of its jurisdiction, original, appellate, or supervisory, may issue "writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process." Const. 1921, § 2, art. 7.

Article 130 of the Code of Practice declares that—

"all judges possess the powers necessary for the exercise of their respective jurisdictions, though the same be not expressly given by law."

This court, therefore, is clothed with ample power to protect the rights of appellants during the pendency of suspensive appeals, before lodged here, and also to prevent its appellate jurisdiction from being rendered nugatory by the execution of the judgment of the lower court before the appeal to this court can be heard and disposed of properly.

A case quite similar to the present one arose in an application to this court for a writ of prohibition in State ex rel. Barbin v. Strong, Secretary of State. In that case a judgment had been rendered by the Fifth court of New Orleans, directing· the secretary of state "to compile the ballots and votes returned by the commissioners of Grant parish, ward No. 2, as counted 'under the orders of the parish court of that parish, and to include the same in his official declaration and promulgation, of the vote cast for district judge of the Twelfth judicial district as showing the prima facie result of said election." Aristide Barbin, alleging his interest, took a suspensive appeal from that judgment, and also applied for a writ prohibiting the secretary of state from executing that judgment pending his appeal, and a writ of prohibition was issued by this court in that case. Man. Unrep. Cas. 434.

[4] The relator in this case is a third person, and, alleging his interest, has taken a suspensive appeal from the judgment of the lower court ordering the sheriff to place the tax purchaser in the possession of the property alleged to have been acquired under his tax titles. Not only the parties to the cause, but third persons, not parties to such cause, may appeal when such third persons allege they have been aggrieved by the judgment. C. P. art. 571.

Relator is therefore entitled to the relief for which he prays.

It is therefore ordered that a writ of prohibition issue in this case to the honorable William H. Byrnes, Jr., judge of the civil district court of the parish of Orleans, division E,. and to Joseph A. Le Besque, civil sheriff of the parish of Orleans, restraining and prohibiting them, and each one of them, from taking any further step or proceeding, until the further orders of this court, in the matter entitled "In re Bernhardt J. Zahn, Praying for a Writ of. Possession against Unknown Owners," No. 149349 of the docket of said civil district court of the parish of Orleans.