151 So. 186

**EUREKA HOMESTEAD SOC. v. BETHANY.**

**In re JAMES et al.**

**No. 32603.**

Oct. 30, 1933.

Rehearing Denied Nov. 27, 1933.

Charles J. Mundy, of New Orleans, for relators.

McCloskey & Benedict, of New Orleans (W. Sommer Benedict, of New Orleans, of counsel), for respondent.

BRUNOT, Justice.

The relators' application for writs of certiorari, mandamus, and prohibition was filed September 15, 1933. A rule nisi issued; in response thereto the trial judge filed a return, and the matter is submitted, on the application and return, for our consideration.

It appears that, at a time not stated, Mumford Bickham by a title, on its face translative of property, conveyed to Mary Bethany certain property in New Orleans. Mary Bethany mortgaged the property to the Eureka Homestead Society. Some time thereafter Mumford Bickham died. After his death his widow and sole forced heir sued Mary Bethany to revendicate said property, alleging as their cause of action that the property was placed in her name by a simulated title while she was the open concubine of the deceased.

In their suit the widow and heir of Bickham, deceased, take cognizance of the Eureka Homestead Society's vendor's lien and mortgage upon the property, and they judicially assumed that mortgage. In connection with their suit they caused a notice of lis pendens to be recorded in the mortgage office. Mary Bethany answered the suit, and it is still pending in the Orleans civil district court.

About a year after Mary Bethany answered the suit of the widow and heir of Bickham, the Eureka Homestead Society filed suit via ordinaria against her on the mortgage note. The widow and heir of Bickham filed an exception in the Homestead's suit. The exception was overruled. They then intervened in that suit. The day this intervention was filed, the Homestead Society took a prelimi-

nary default against Mary Bethany, which was thereafter confirmed. Subsequently the Homestead excepted to the intervention filed by the widow and heir of Bickham in its suit on the mortgage, on the ground that the petition of intervention did not disclose a cause of action. The exception was maintained and the intervention was dismissed. The widow and heir of Bickham then filed a rule to set aside the judgment by default rendered in favor of the Eureka Homestead Society in its suit against Mary Bethany on the mortgage note. The rule was heard and discharged, and the widow and heir of Bickham then applied to this court for writs of certiorari and prohibition. The application was denied; the court suggesting that relators' remedy was by appeal.

Relators then perfected a devolutive appeal from that judgment. The appeal is now pending in this court. It is No. 32540 of our docket.

Following these proceedings, the Eureka Homestead Society ruled the widow and heir of Bickham and the recorder of mortgages into court to show cause why the notice of lis pendens, as far as it affected the plaintiff in rule, should not be canceled, and, quoting from the return of Judge Byrnes, the Bickhams, "on the following day filed a petition alleging their inability to defend the rule to cancel the notice of lis pendens unless the Homestead Society should answer certain annexed interrogatories propounded by them. These interrogatories are wholly and solely directed towards an attempt to prove the allegations on the merits of the intervention * * *, and have no relevancy to the rule to cancel the lis pendens."

As a matter of fact, the merits of the intervention is an issue in the case No. 32540 of our docket, now pending on appeal to this court.

The Homestead Society excepted to the jurisdiction of the civil district court to decide issues on the merits of a case pending, on appeal, in the Supreme Court. The exception was maintained, and the relators filed the application for writs of certiorari, mandamus, and prohibition that we are now considering.

We think the ruling of the court maintaining the exception to its jurisdiction to pass upon issues that had been adjudged and were pending in the Supreme Court, on appeal from that judgment, was correct.

For the reasons stated, the rule issued herein is recalled and vacated, and the relators' application for writs of mandamus and prohibition are denied.