**DEAN v. WINN PARISH SCHOOL BOARD et al.**

No. 5908.

Court of Appeal of Louisiana. Second Circuit.

May 29, 1939.

Rehearing Denied June 28, 1939.

Joel L. Fletcher, of Colfax, for appellant.

Harry Fuller, of Winnfield, and Vinson M. Mouser, of Columbia, for appellees.

TALIAFERRO, Judge.

Plaintiff appealed from a judgment sustaining exceptions of misjoinder, nonjoinder, and of no right or cause of action, and dismissing his suit at his cost. In this court the latter exception alone is stressed. Action of the court in sustaining the exceptions of misjoinder and nonjoinder appears to have been acquiesced in.

According to the allegations of the petition, in the year 1936, the School Board of Winn Parish employed plaintiff at a monthly salary not disclosed to transport by bus over a definite route, some of the school children of Ward 8 of said parish, to the Calvin Public School therein during the 1936–37 session. A written contract evidencing their agreement was signed, which, however, is not physically before us as it was not attached to nor made a part of the petition. The contract contained a stipulation, the exact wording of which is not given to us, to the effect that it might be renewed for the ensuing two years. The petition says "with the privilege of renewal for two years." A like contract was signed by the parties for the 1937–38 term, and this, it is averred, contained a provision whereby it might be renewed for one year. The board declined to renew the contract for the 1938–39 scholastic term, allegedly because of change in its membership from said Ward 8. This suit followed.

Plaintiff seeks to enjoin the school board from contracting with any other person to transport said children to said school during the 1938–39 session, and seeks mandamus to compel the board's secretary to sign and deliver to him a renewal of the contract for said session. In the alternative, he prays for a money judgment against a named number (not all) of the members of the board and its secretary, in solido.

Stripped of all collateral phases, plaintiff's suit is simply an effort on his part to force the school board to specifically perform the obligation allegedly devolving upon it by and through the renewal privilege stipulation. If his efforts should receive judicial sanction, it would simply mean that the school board and its secretary would be ordered to sign and execute to and with him a contract to transport school children over the route involved for the scholastic session of 1938–39. The execution of such a contract is now impossible, as this session of the school has expired. We take judicial cognizance of the fact that the public schools of the state open in September of each year and close on or about June first of the following year.

The issues tendered and questions of law propounded herein are now moot; and for this reason, the appeal is dismissed at appellant's cost.