## STATE ex rel. SCHOOL BOARD OF RED RIVER PARISH v. KENNINGTON et al.

### No. 6168.

Court of Appeal of Louisiana. Second Circuit.

July 5, 1940.

Henry W. Bethard, Jr., of Coushatta, for petitioner.

Cawthorn, Golsan & Tooke, of Shreveport, for respondents.

### PER CURIAM.

Mrs. C. L. Kennington, wife of Charles L. Kennington, a respondent herein, was recognized and decreed by the Tenth District Court of Louisiana to enjoy the status of probationary teacher in and for Red River Parish. On appeal to this court that judgment was affirmed. State ex rel. Kennington v. Red River Parish School Board, La.App., 193 So. 225. The judgment of this court became final on November 17, 1939. Our decree also affirmed the lower court's judgment wherein it directed the issuance of mandamus to the school board commanding it to recognize Mrs. Kennington's status as a teacher and to contract with her as such.

This suit in the lower court bore number 6973 and will be hereinafter referred to by that number.

On June 15, 1939, while suit No. 6973 was pending, Charles L. Kennington, as head and master of the community of acquets and gains between himself and wife, instituted suit against the school board of Red River Parish to recover salary alleged to be due her as a probationary teacher. This suit below bears No. 7059 and here No. 6168.

Plaintiff admits that the school board on December 7, 1938, paid Mrs. Kennington the sum of Four Hundred Four ($404) Dollars, the amount due her as a probationary teacher for the first four (4) months of the scholastic term 1938-39. He sues for like salary for the last five (5) months of said session, or Five Hundred Five ($505) Dollars. It is specifically alleged that since her status as a probationary teacher was judicially recognized, the school board has not legally discharged her; that she has tendered her services as a teacher to said school board and otherwise done all within her power to induce it to avail itself of her services.

In addition to prayer for money judgment, plaintiff prays that the school board be ordered to place Mrs. Kennington on its pay roll of teachers at a salary of One Hundred One ($101) Dollars per month and to pay her at said rate monthly until she is legally discharged. He also prays that her status as a probationary teacher be again recognized, and as such she be decreed entitled to all the privileges and benefits established by Sec. 48 of Act, No. 100 of 1922, as amended by Act No. 58 of 1936.

The school board's defense to the suit is that since the time Mrs. Kennington's status as a probationary teacher was judicially recognized and fixed, she had been by it legally discharged as such, and, therefore, nothing is due her on salary account.

There was judgment for plaintiff for the sum sued for and, in addition, as follows, to-wit:

"It is further ordered, adjudged and decreed that Mrs. C. L. Kennington be and she is hereby again recognized and decreed to be a probationary teacher in the employ of the Red River Parish School Board at a salary of One Hundred One and No/100 ($101.00) Dollars per month, and as such entitled to all of the privileges and benefits provided by law.

"It is further ordered, adjudged and decreed that the Red River Parish School Board reinstate Mrs. C. L. Kennington in accordance with this judgment, until such time as she may be lawfully discharged or resign, or until further ordered by this Court."

The school board appealed suspensively from this judgment. The transcript was filed here on March 2, 1940. It has not been heard.

On April 8, 1940, Charles L. Kennington, "joined, aided and assisted by his wife", instituted suit No. 7133 in the District Court of Red River Parish against the school board thereof, wherein he sued to recover the sum of Seven Hundred Seven and No/100 ($707) Dollars for salary alleged to be due Mrs. Kennington as teacher for the first seven (7) months of the 1939-40 scholastic session, and prays for the following relief, viz.: "* * * ordering said defendant to pay unto said petitioner the full and true sum of Seven Hundred and Seven and No/100 ($707.-00) Dollars, together with legal interest thereon from the date of judicial demand until paid, and that the said School Board be ordered to place Mrs. C. L. Kennington on its payroll at a salary of One Hundred One and No/100 ($101.00) Dollars per month and ordered to pay her at said rate, monthly, at the time it pays its other teachers until such time as the said Mrs. C. L. Kennington has been lawfully discharged * * *."

On April 8, 1940, Mrs. Kennington, in the same court, sued out alternative writ of mandamus against said school board: "* * * commanding it to make and enter into a contract with your relator, as a teacher in the Martin High School, Red River Parish, Louisiana, at the wage or salary scale prevailing in the Red River Parish School System for the school year 1939-40, in accordance with the terms of the regular teacher's contract entered into by and between the Red River Parish School Board and its regularly employed teachers, or to show cause to the contrary on such day and date and at such an hour as this Honorable Court may appoint."

This suit bears No. 7132 in the lower court.

On April 9, 1940, Mrs. Kennington instituted two proceedings in the District Court of Red River Parish, which are ancillary to said cause No. 6973. One

is a rule against the school board of Red River Parish to show cause why "it" should not be held in contempt of the orders of court for not having recognized and employed Mrs. Kennington as a teacher in compliance therewith. The other proceeding was brought under Act No. 198 of 1924. The president and superintendent of the school board were ordered to appear in open court on a date and at an hour fixed to the end that they might be examined to ascertain whether it is possible to collect from the school board the accrued court costs in said cause No. 6973 for which said board was cast.

Before any action was taken in either of the two suits or in the ancillary proceedings, the school board applied to this court for alternative writs of prohibition directed to the Honorable James W. Jones, Judge of the Tenth District Court, and to Mr. and Mrs. Kennington, commanding them and each of them not to proceed further in said causes until the further order of this court. The application received favorable action and the named respondents were ruled to show cause why the writ should not be made absolute.

The application for the writ of prohibition at length and in detail sets out the record history of the controversy between Mrs. Kennington and said school board, including the two cases passed on by this court. 185 So. 490; 193 So. 225.

Relator's position is that its suspensive appeal in the original suit, bearing No. 6168 here, and now pending, stripped the lower court of jurisdiction over all matters at issue and involved therein, and particularly the contractual status, constructive or otherwise, existing between relator and Mrs. Kennington as a teacher. In other words, it is argued that if it is held that Mrs. Kennington's status as a probationary teacher in Red River Parish has been abrogated through legal discharge by the school board, all other issues raised will automatically collapse, and that it will be in aid of this court's jurisdiction to arrest further action in said causes until the appeal (No. 6168) has been disposed of here.

Respondents excepted to this court's jurisdiction ratione materiae for the reason, as alleged, that supervisory jurisdiction over inferior courts is exclusively vested in the Supreme Court under Section 10, Art. 7 of the Constitution; that the writ of prohibition issued herein is not in aid of the appellate jurisdiction of this court in that certain things are prohibited thereby which are not in any manner involved in case No. 6168. They also excepted to the application for the writ on the ground that it disclosed neither a cause nor a right of action in that such a writ will not lie when there is an adequate remedy by appeal. Respondents' return simply puts at issue the right of relator to provoke the issuance of the writ of prohibition under the existing and undisputed facts.

 The power vested in this court to issue remedial writs, such as prohibition, is conferred by Section 2 of Art. 7 of the Constitution. That power is limited to instances wherein the issuance of the writ will be in aid of our own jurisdiction. Whether by so doing will be in aid of that jurisdiction must be determined from the facts of each case. No set rule could be adopted. We have no general supervisory jurisdiction over inferior courts. That power reposes exclusively in the Supreme Court. Sec. 10 Art. 7 of the Constitution.

 So far as concerns the two ancillary proceedings, it is quite clear that the writ improvidently issued. Whether the school board's fisc is in condition to respond to a demand for payment of costs incurred in case No. 6973, and whether relators have proceeded correctly to ascertain this condition, are questions to no extent involved in the appeal in case No. 6168. Whatever may be the decision of this court in that case it will have no possible bearing upon the liability for or collection of these costs.

The judgment of the lower court in case No. 6973, affirmed here on appeal, specifically ordered the relator to recognize Mrs. Kennington's status as a probationary teacher and to contract with her on that basis. So long as she enjoys the status thus fixed the relative rights and duties of the parties inter se are res judicata. A rule for contempt for having ignored the court's order and decree evidently is the proper method to enforce this judicial fiat. The outcome of the rule depends entirely upon the final disposition of the primary issue tendered in the appeal in case No. 6168, which is: Has Mrs. Kennington been legally discharged as a probationary teacher?

Review of sentences for contempt is the exclusive prerogative of the Supreme Court. If the rule should be sustained by the lower court and the members of the school board sentenced to imprisonment or to pay a fine for contempt, the Supreme Court is the sole tribunal to which to appeal for relief; and for that court to correctly pass upon the validity of the judgment of contempt, it will have to pass upon the question of discharge involved in the appeal in case No. 6168.

This court might hold that Mrs. Kennington has not been legally discharged, whereas the Supreme Court might hold to the contrary, and vice versa. Our action on this issue would not be definitive. The Supreme Court has the last say. Therefore, in no sense of the word can it be accurately said that to prohibit further proceedings in the rule for contempt will be in aid of our own jurisdiction. We have none now, nor can we have any in the future.

In suit No. 7133, as before said, Mrs. Kennington simply seeks to have the school board judicially compelled to enter into a contract with her to teach during the 1939–40 session. The issue tendered is now moot and was practically so when this action was instituted in April, 1940. The 1939–40 school session is now in the past. Judicial cognizance of that fact is taken. Dean v. Winn Parish School Board, La.App., 193 So. 245.

The issue discussed being now entirely moot, whether or not the writ providently issued ceases to be of importance or controlling. No good purpose would be subserved, should we deem it otherwise proper, to continue the writ in force under the presently existing facts.

This leaves for determination the question whether it is in aid of our jurisdiction to prohibit further proceedings in case No. 7133 until the appeal in case No. 6168 has been finally adjudicated by this court.

While it is true that a decision of the case on appeal will virtually adjudicate the issue presented in case No. 7133, but not necessarily entirely so. Additional salary is sued for therein. While it may fairly well be assumed that the defense to this demand will be the same as that urged in case No. 6168, yet other defenses, it is possible, could be raised. At all events, after trial, whatever judgment the lower court may render favorable to, or against Mrs. Kennington's interest, is appealable to this court. The general rule is that in any case wherein adequate relief is obtainable by appeal, prohibition will not lie. And, elementally, a writ of prohibition only lies to inferior courts or judges who have exceeded or propose to take action in a case that will exceed their jurisdiction. Code of Practice, Arts. 845, 846.

In the present case we think it possible, without so holding, that lis pendens would apply, but such a plea peculiarly inheres in the court of original jurisdiction. Peremptory pleas suggest themselves. It could not be said that the lower court has not jurisdiction of the subject matter.

We are unable to perceive that by allowing the lower court to proceed in this case, the issues in the appeal in case No. 6168 will to any extent be affected, relator's rights prejudiced or our right to determine said issues impaired to any degree.

Relator has cited and relies upon the following cases to support its contention that the writ properly issued and should be upheld, to-wit: State v. City of Monroe, 133 La. 1045, 63 So. 513; New Orleans Silica Brick Company v. John Thatcher & Son, 152 La. 649, 94 So. 148; Zahn v. Unknown Owners, 154 La. 776, 779, 98 So. 184; Eureka Homestead Society v. Bethany, 178 La. 217, 151 So. 186; Frank Melat, Consolidated, v. Cooper et al., La.App., 149 So. 468.

All of these cases, save the last one, originated in the Supreme Court through the exercise of its far reaching supervisory powers. They are not controlling of the case before us.

The Melat v. Cooper case, decided by this court, is not a precedent to the case at bar. The situation there demanded the issuance of the writ sought in order to hold intact the status of things fixed by a suspensive appeal until this court could pass on the appeal.

For the reasons herein assigned, the order of this court ordering the issuance of the writ of prohibition is set aside and the writ is recalled. Costs incurred in connection with the application for the writ and its issuance are assessed against the relator, school board.