199 So. 123

STATE ex rel. KENNINGTON v. RED
RIVER PARISH SCHOOL
BOARD.

No. 35942.

Nov. 4, 1940.

H. L. Hughes, of Natchitoches, and
Henry W. Bethard, Jr., of Coushatta, for
relator.

Cawthorn, Golsan & Hunter and J. T.
Cawthorn, all of Shreveport, for respond-
ents.

HIGGINS, Justice.

Under our supervisory powers, Art. 7, Par. 2, Const.1921, we granted a rule to show cause why a writ of prohibition should not be issued and directed to the respondent judge who found the relators, the members of the Red River Parish School Board, guilty of contempt of court for allegedly disobeying a judgment of his court when the legal question presented thereby was pending in the Court of Appeal, Second Circuit, as a result of a suspensive appeal taken by the school board.

The facts under which the controversy arose are: On September 27, 1938, Mrs. C. L. Kennington instituted proceedings in the Tenth Judicial District Court for the Parish of Red River against the Red River Parish School Board, demanding to be recognized as a probationary teacher under the Teacher's Tenure Law (Act No. 58 of 1936, amending Act No. 100 of 1922), and seeking a teacher's contract with the board for the school session of 1938–1939. On November 28, 1938, the court rendered judgment ordering that the alternative writ of mandamus be made peremptory. The school board applied for, was granted, and perfected a suspensive appeal from the judgment to the Court of Appeal, Second Circuit. On December 7, 1938, the district attorney of the Tenth Judicial District, as legal adviser of the school board, at its regular session, stated that in his opinion the judgment of the trial court would be sustained on appeal, and informed the board that, under the provisions of Act 58 of 1936, it had the right and discretion to dismiss a probationary teacher upon the written rec-ommendations of the superintendent of the public schools in that parish. The superintendent filed recommendations in writing for the dismissal of Mrs. Kennington upon the grounds that she had not kept abreast of modern school trends in education for the past 15 or 20 years and had made herself a source of serious contention among the patrons of the school. The recommendations of the superintendent were accepted by the board and the members thereof voted unanimously to discharge Mrs. Kennington and she was notified accordingly by registered mail. On the same day, the school board paid Mrs. Kennington the sum of $404, the equivalent of her salary for the first four months of the school term of 1938–1939, for constructive services rendered by her as a probationary teacher, having been advised by the district attorney that this action would comply with the judgment of the district court recognizing her status as a probationary teacher. On June 15, 1939, Mrs. Kennington, joined by her husband, instituted another suit against the Red River Parish School Board for the sum of $505, representing alleged salary due as a teacher in the Martin School for the last five months of the 1938–1939 school session. The school board defended the suit, averring that it had legally and properly discharged Mrs. Kennington on December 7, 1938, and paid her salary in full up to that date. On February 12, 1940, the district judge rendered judgment in favor of the plaintiff against the school board for $505, as prayed for, and the board appealed suspensively, perfecting its appeal on March 2, 1940, by lodging the transcript in the

Court of Appeal, Second Circuit. (This appeal is pending and was scheduled to have been heard on October 2, 1940.) In the meantime, on November 3, 1939, the Court of Appeal had passed upon Mrs. Kennington's mandamus suit, affirming the judgment recognizing her as a probationary teacher. 193 So. 225. On April 10, 1940, or more than a year and four months after the rendition of the judgment by the Tenth Judicial District Court and the payment of the $404 covering four months' salary to Mrs. Kennington, and, more than four months after the date that the Court of Appeal's opinion affirming the judgment in the mandamus proceeding was rendered, Mrs. Kennington applied to the judge of the Tenth Judicial District Court for a rule nisi directing the defendant school board to show cause why it should not be adjudged in contempt of court, alleging: "That pursuant to the rendition of said judgment (the judgment in cause 6973) the defendant school board recognized relator's status as a probationary teacher up to and including the 15th day of January 1939, but that subsequent thereto and in contempt of the authority of the order of this Honorable Court, as approved by the Honorable Circuit Court of Appeal, the said Red River Parish School Board, defendant herein, has failed and refused to recognize relator as a probationary teacher in its employ and has failed and refused to so contract with the relator (for the school term of 1938–1939)." After the service of the rule on the board, it applied to the Court of Appeal, Second Circuit, for a writ of prohibition to stay the district court proceedings until the salary

suit for $505, pending in the Court of Appeal, could be heard and determined. The appellate court directed the issuance of an alternative writ insofar as it related to the contempt proceedings, but, on formal hearing, recalled the writ on the ground that the Supreme Court had exclusive jurisdiction to review the sentence for contempt, even though the outcome of the contempt rule depended entirely upon the final disposition of the primary issue tendered by the suspensive appeal in the $505 salary case of Mrs. Kennington, i. e., did the school board have the legal right to discharge Mrs. Kennington as a probationary teacher? La.App., 197 So. 182. The school board and its members were subsequently ordered to appear for the contempt trial and, among other pleas and defenses, filed an exception to the jurisdiction of the trial court on the ground that the suspensive appeal in the $505 salary case had divested the trial court of jurisdiction over the contractual relations between Mrs. Kennington and the relator for the school session of 1938–1939.

As a defense to the merits, the school board and its members averred that they had never violated the order or decree of the district court but, on the contrary, in compliance with it, recognized Mrs. Kennington as a probationary teacher for four months and thereafter exercised 'the right or discretion vested in it by law and discharged her, as authorized by Act 100 of 1922, as amended by Act 58 of 1936. The district judge found the school board and its individual members guilty of contempt and the individual members were sentenced to pay a fine and be imprisoned,

with the sentence to be suspended if the board and its members complied with the judgment in the mandamus suit by recognizing Mrs. Kennington as a probationary teacher for the entire term of the school session of 1938–1939 and paying her her salary in full therefor. The school board and its individual members then applied to this court to invoke its supervisory jurisdiction, and on their application, we granted the rule to show cause why a writ of prohibition should not issue in the matter.

There can be little doubt that the effect of the sentence for contempt against the school board and its members would mean that the members must go to jail or pay Mrs. Kennington $505 for salary, which was the subject of the appeal in her second suit.

If the Court of Appeal were to hold that Mrs. Kennington was properly discharged by the school board, then the very foundation of the contempt proceedings would be swept away. On the other hand, if the Court of Appeal concluded that Mrs. Kennington was not legally discharged, her status as a teacher would be recognized and the school board's liability for her salary would be irrevocably fixed. Consequently, it is clear that the identical question of fact and law is presented in both the salary suit and the contempt proceedings.

By the force and effect of the perfection of the board's suspensive appeal in the salary case before the Court of Appeal, Second Circuit, the trial court was thereby legally divested of all jurisdiction over the matters covered by and involved in the suspensive appeal, and jurisdiction over these phases of the controversy between the parties was thereby transferred from the trial court to the appellate court. New Orleans Silica Brick Co. v. John Thatcher & Son, 152 La. 649, 94 So. 148.

In the case of State v. City of Monroe, 133 La. 1045, 63 So. 513, 515, in considering the legality of a contempt proceeding in the district court, pending a suspensive appeal from a judgment in the matter, the Court said: "* * * The appeal in such case not only suspends the effect and operation of the judgment but divests the trial court of jurisdiction, and the jurisdiction which it thereafter acquires, upon the affirmance or reversal of its judgment, is the jurisdiction to execute the judgment of the appellate court."

To hold that the district judge has the authority and jurisdiction to force the school board, through contempt proceedings against its members, to pay Mrs. Kennington the alleged balance of $505 due her as salary would destroy the status quo of the salary suit pending on the suspensive appeal in the Court of Appeal, before that court had opportunity to decide the case and might present the issue as to whether or not the identical question in the appeal case had then become moot aside from the fact that the school board would have to run the risk of getting the money back, if it were successful in the Court of Appeal. Eureka Homestead Society v. Bethany, 178 La. 217, 151 So. 186, and Zahn v. Unknown Owners, 154 La. 776, 779, 98 So. 184.

It is our conclusion that the exception to the trial court's jurisdiction in the contempt proceeding was well founded and should have been sustained.

We express no opinion as to the merits of the legal question presented by the appeal pending in the Court of Appeal, Second Circuit.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court holding the school board and the individual members thereof in contempt of court be and the same is hereby annulled and set aside.