HAMITER, Justice
 

 (dissenting).
 

 The insured’s cause of action in this suit is identical with that urged by him in the Federal Court case, it being based on the insurance company’s refusal in April, 1944, to make monthly payments, under the provisions of three insurance policies, for an alleged continuing disability that commenced in 1931 from a heart attack suffered in 1927. Thus, both causes present the primary single question of whether or not the insured in April, 1944, was disabled within the meaning and intendment of the policies’ provisions. Of course, each contains an issue respecting the awarding of statutory penalties and attorneys fees, but it is incidental to the principal demand for payment of insurance proceeds.
 

 When the insurance company, as was its privilege, perfected a suspensive appeal to the Federal Circuit Court of Appeals from the Federal District Count’s judgment (an award to the insured of monthly payments but a rejection of his claim for penalties and attorneys fees) only that appellate tribunal had the right, in my opinion, to consider and pass upon the insured’s mentioned cause of action, including the incidental demand. Hence, I maintain that the trial and decision of the instant case by the state district court (both of which occurred during the pendency of such appeal) should have awaited the outcome of the proceedings in the Federal Circuit Court of Appeals.
 

 The latter court ultimately affirmed the judgment of the Federal District Court. Whereupon (immediately on the affirmance becoming final), the insurance company tendered to the insured the amount of all monthly payments due under the policies to that date, including those covered by the single cause of action of both the instant suit and the Federal Court case; but the tender was refused.
 

 If this tender had been accepted by the insured and thereafter the insurance company had refused to make further payments there would have arisen another and a different cause of action, one arising out of this second or last refusal; however, such is not the case before us. Here we have a cause of action predicated on the refusal of April, 1944, which with respect to the incidental demand for penalties and attorneys fees was decided unfavorably for the insured by the Federal District Court and, on a suspensive appeal, by the Federal Circuit Court of Appeals. Whether the final decision was correct or not we have no right to express an opinion; a matter once finally determined in a Federal court is res adjudicata as to this same matter between the same parties in the state court.
 

 
 *125
 
 A situation very similar in principle existed in State ex rel. Kennington v. Red River Parish School Board, 196 La. 291, 199 So. 123, 125. While there was pending in the Court of Appeal of the Second Circuit of Louisiana on a suspensive appeal, a salary action containing the primary issue of whether or not Mrs. Kennington, a school teacher, had been properly and legally discharged by the respondent School Board, she successfully prosecuted contempt proceedings (involving the same primary issue) in the state district court against the members of that board. In passing upon the litigation under our supervisory powers, we said:
 

 “There can be little doubt that the effect of the sentence for contempt against the school board and its members would mean that the members must go to jail or pay Mrs. Kennington $505 for salary, which was the subject of the appeal in her second suit.
 

 “If_the Court of Appeal were to hold that Mrs. Kennington was properly discharged by the school board, then the very foundation of the contempt proceedings would be swept away. On the other hand, if the Court of Appeal concluded that Mrs. Kennington was not legally discharged, her status as a teacher would be recognized and the school board’s liability for her salary would be irrevocably fixed. Consequently, it is clear that the identical question of fact and law is presented in both the salary suit and the contempt proceedings.
 

 “By the force and effect of the perfection of the board’s suspensive appeal in the salary case before the Court of Appeal, Second Circuit, the trial court was thereby legally divested of all jurisdiction over the matters covered by and involved in the suspensive appeal, and jurisdiction over these phases of the controversy between the parties was thereby transferred from the trial court to the appellate court. * *
 

 The question of .law and fact presented in the instant case is identical with that in the Federal Court suit, i.e., whether the insured was entitled to monthly insurance benefits for his alleged disability existing in April, 1944, and further whether the insurer’s refusal then to make payments was on just and reasonable grounds. While the Federal Court case was pending on a suspensive appeal to the Federal Circuit Court of Appeals, only that court had jurisdiction to determine the question. And when the decision was rendered and became final, it served to forever foreclose the issue involved and, hence, is res adjudicata.
 

 Of no moment is the fact that the monthly payments sought to be recovered in this suit are not the same as those in the Federal Court case. The insurance company is not denying liability for certain or particular monthly payments; what it denies, and what is important here, is its primary liability under the provisions of the policies for any and all payments.
 

 
 *126
 
 Until this primary liability is determined by a court of last resort, the company is entitled to have stayed further proceedings under the policies; and for this purpose the law grants to it a right to a suspensive appeal. In this connection the following comment concerning the effect of a suspensive appeal, found in State ex rel. George Ingram v. Judge of Sixth Judicial District Court, 20 La.Ann. 529, is appropriate :
 

 “We find therefore, that the right to some sort of appeal, in a case like the present, exists, and we cannot discover any provision of law which prevents such appeal from being taken in the suspensive form. A careful examination of art. 564, 565, 575 and 580 of the Code of Practice^ shows that the right to a suspensive appeal is the rule, and that it stays proceedings, except in cases specially excepted.
 

 “It is true, as urged by respondent, that inconveniences may result from such stay of proceedings. The ‘law’s delay’ is generally inconvenient for a plaintiff. But we think the inconveniences of the opposite course would be still greater.”
 

 The conclusion announced in the majority opinion will, I think, lead to continuous litigation and to hardships pending the outcome ■ of an action to determine the insurer’s primary liability under policies stipulating monthly disability benefits. During the pendency of the action, whether in the trial court or on appeal, the assured can institute suit after suit on monthly payments as they accrue, in which event the company must either satisfy each judicial demand as it is made or be cast for penalties and attorneys fees on each if it is unsuccessful at the conclusion of the trial of the first action. Should payments be made as the new suits are instituted, the insurer runs the risk of recovering the funds so paid if and when final judgment in the original action is favorable to it.
 

 The authorities cited in support of the majority conclusion are not appropriate. They concern merely the primary liability of the insurer; they in no manner relate to the rights of the parties litigant during the pendency of a suspensive appeal.
 

 Therefore, I respectfully dissent.