PER CURIAM.
Relator has applied to this Court for issuance of writs of certiorari, mandamus and prohibition directed to the Honorable Ruvian D. Hendrick, Judge of the City Court of Shreveport, Fourth Ward, Caddo Parish, Louisiana. Relator prays that the said Judge be ordered to send up the record for examination by this Court and “after due proceedings had, that defendants’ sus-pensive appeal to this Honorable Court be dismissed at their costs.”
We do not deem it necessary to deal with the matters urged in support of relator’s application in view of the conclusion we ■have reached to the effect that this Court has no authority to issue the writs in question.
Under Section 2 of Article VII of the Constitution of 1921 it is true that the Courts of Appeal are authorized to issue writs, but this authority is limited to the aid of the jurisdiction of such courts “original, appellate, or supervisory”.
Under Section 10 of Article VII of the Constitution of 1921 the Supreme Court is ■specifically vested with control of and general supervision over all inferior courts.•
-In the matter before us it appears that a suspensive appeal -has been taken and perfected by the defendants and relator here seeks the dismissal of such appeal by this Court.
It appears clear to us that we have no authority to issue the writs requested. The point here involved appears to us to have been definitely determined by the Supreme • Court in the case of Putnam *146 & Norman, Inc., v. Levee, 179 La. 180, 153 So. 685, 686. In the cited case, after noting that the Courts of Appeal have special or limited supervisory jurisdiction over inferior courts for the purpose of aiding or enforcing their own appellate jurisdiction, the opinion declared:
“This means that in all cases appealable to the Courts of Appeal, those courts may issue remedial orders directing district judges to perform such official functions or to permit litigants to take such steps as may be necessary to enable them to get their cases up on appeal so that those courts may exercise their appellate jurisdiction. The Constitution grants to litigants in certain cases the right of appeal to the Courts of Appeal. In such cases, those courts are given power to enforce that right. To this extent and to this extent only are the Courts of Appeal granted supervisory jurisdiction over and control of inferior courts. They are vested with supervisory jurisdiction over district courts, and may control them only to the extent of compelling them to perform such functions as are necessary to enable a litigant tO' take and perfect his appeal.
íj» ^
“Beyond this, Courts of Appeal have no supervisory jurisdiction.”
It is obvious that no question of the right of appeal to this Court is here involved. Indeed, the very purpose of the application before us is to procure the dismissal of defendants’ appeal.
For the reasons stated we are of the opinion that the application in the instant case should properly be directed to the Honorable the Supreme Court, and for this reason the application is denied.