PER CURIAM.
The applicant is seeking by this proceeding to invoke the supervisory jurisdiction of this Court to control by certiorari, prohibition and mandamus the action of the district judge of the 30th Judicial District Court in and for the Parish of Beauregard from exercising jurisdiction in a workmen’s compensation suit brought by the respondent to recover the statutory penalty and attorney’s fees under the provision of of LSA-R.S., Title 22, Section 658, which claim was not asserted in the suit of Skinner v. Long-Bell Lumber Company, which is now pending on the suspensive appeal to this Court by The Long-Bell Lumber Company and the applicant, The Fidelity & Casualty Company of New York.
A certified copy of all of the pleadings, judgment, reasons for judgment and briefs filed in both suits in the lower court are attached to the application. The record shows that the plaintiff there, and respondent here, suffered a hernia during the course of his employment and the defendant and its insurer prior to the filing of the suit and up to the time an appeal was perfected in the case was paying plaintiff weekly compensation at the rate of $24.44 per week, and at the time the suit was filed and at the time the judgment was rendered plaintiff was contending that he was entitled to weekly compensation of $Z9.32. The district judge overruled an exception of prematurity filed by the defendants and held that plaintiff’s compensation rate should be $29.32. Thereupon defendant filed answer and still urged that said amount was the plaintiff's correct compensation payment under the contract of employment and that plaintiff’s suit was premature.
Alternatively, it alleged that if the suit was not premature the hernia which the plaintiff complained had caused his disability could be corrected by surgery and that it tendered to plaintiff an operation, which he refused, at its expense with compensation during said operation and that if the plaintiff refused to submit to the operation and the payment of compensation during a reasonable time for him tb recover from the operation that the Court should suspend his compensation payments. The district court in its judgment on the merits for written reasons refused to order the plaintiff to submit to the surgical operation and awarded him compensation at the rate of $29.32 per week during the period of disability not to exceed 400 weeks, commencing from February 24, 1954 (subject to the credit for the amounts paid), together with interest at the rate of 5% per annum on all past due installments. The judgment further recognized the contract between plaintiff and his attorney and awarded him 20% of the amount of the award of the judgment, not to exceed $1,000. This judgment was signed on June 14, 1954, and the defendant perfected a suspensive appeal and the record was filed in this Court on the-day of-, 1954.
After perfecting the suspensive appeal the defendants in the suit and applicant here discontinued paying plaintiff the weekly compensation of $24.44 which it had been paying up until the time the judgment was appealed from. No compensation has been paid to plaintiff since the suspensive appeal wa!s perfected.
On September 1, 1954, the plaintiff John A. Skinner filed a second suit in the Dis *579 trict Court of Beauregard Parish claiming that the insurance company was due him 12VZ% of $11/28, or $1,465.90, together with a reasonable attorney’s fee to be fixed by the Court not to exceed $1,000.
In this last suit, the defendant filed an exception to the jurisdiction of the Court, and contended that the demand in this suit was an effort on the part of plaintiff to deprive it of the effect of its suspensive appeal from the judgment awarding him compensation; and that the claim for statutory penalties and attorney’s fees, if proper, was merely incidental to and dependent upon workmen’s compensation suit which was involved in the first suit and asserted by plaintiff and that said claim could not ■be asserted because the court was divested of all claims of the plaintiff for compensation and all incidental demands growing out of said claim.
The lower court heard the plea to the jurisdiction and maintained the plea to that part of the demand that sought penalty and attorney’s fees on $4.88 per week, or the difference between the $24.44 per week which defendant had paid and $29.32 which was awarded in the judgment, but overruled the plea as to that part of the demand which sought penalty and attorney’s fees on the $24.44 per week which defendant was paying prior to the suspen-sive appeal.
The lower court reasoned that the plaintiff could not claim a penalty or attorney’s fees on the sum of $24.44 which defendant was paying and had been paying from the date of the injury up to the time the suspensive appeal was perfected and that it had no cause or right of action to the penalty until the defendant discontinued paying and that the question of attorney’s fees on that amount was not involved and sued for by the plaintiff.
The first question for this Court to determine is whether or not this proceeding is in aid of our appellate jurisdiction to sustain the appeal brought here by the appellant from the judgment in favor of ap-pellee. If this proceeding is in aid of our appellate jurisdiction so appellant can maintain its appeal, then we have jurisdiction under Section 2 of Article 7 of the Constitution of 1921. Courts of Appeal have no general supervisory jurisdiction as is vested in the Supreme Court under Section 10 of Article 7 of the Constitution of 1921. Our jurisdiction is limited to exercising our supervisory jurisdiction where it is invoked in aid of our appellate jurisdiction.
The applicant cites and relies upon the case of State ex rel. Kennington v. Red River Parish School Board, 196 La. 291, 199 So. 123. We have given careful consideration and study to the holding of the Supreme Court in that case. It is noted that the applicant there first applied to the Court of Appeal where the appeal was pending for the exercise of its supervisory jurisdiction and the Court declined it because the relief sought was not in aid of it® appellate jurisdiction. 197 So. 182. Then the applicant obtained the relief sought by invoking the supervisory jurisdiction of the Supreme Court. There, as here, the right was asserted in the lower court after the appeal from the judgment complained of had been lodged in the proper appellate court. The Supreme Court is the only Court under the Constitution which has general supervisory powers over District Courts unless the relief sought is in aid of the appellate jurisdiction of a Court of Appeal. Sections 2 and 10, Article 7, Constitution of 1921. This proceeding is not in aid of enforcing our appellate jurisdiction. Putnam & Norman v. Levee, 179 La. 180, 153 So. 685; Werner v. Cace, La.App., 54 So.2d 145.
We express no opinion on the merits of the application for the relief sought and limit our ruling to the question of our supervisory jurisdiction.
For the reason assigned the alternative writs heretofore granted are recalled and plaintiff’s application dismissed.